COMPTY, by guardian *ad litem,* Respondent, vs. C. H. STARKE DREDGE & DOCK COMPANY, Appellant.

*October 13—November 7, 1906.*

*Streets: Deposit of building materials: Others using the place not trespassers: Child watching pile driver: Personal injury: Negligence: Contributory negligence of parent.*

1. The lawful deposit of building material in a street, obstructing travel thereon to some extent, does not render others using that portion of the street trespassers, nor absolve the person depositing the material from the duty of ordinary care not to injure them.

2. A small boy who had for a short time been sitting upon building material in a street watching a pile driver on the adjoining lot was not a trespasser so as to absolve the contractor driving the piles from the duty of ordinary care toward him.

3. Evidence that a pile which was being driven by defendant near a street had been broken in two or three places by the pile driver so that another blow might well cause one of the pieces to fly out of place; that such breakage was obvious to those in charge of the work; and that they caused or permitted another blow to be given, whereupon a section of the pile flew out and fell upon the plaintiff in the street, is *held* sufficient to warrant a verdict finding defendant guilty of negligence.

4. Upon evidence showing, among other things, that a boy about three years old had been given his lunch in the kitchen; that his mother, who earned her own living and cared for her family, then turned to her housework in another room; that during the fifteen or twenty minutes following the boy went into the back yard, thence into the street in front and around two corners to a place about a block and a half away, where a pile driver was at work, and there was injured; and that the mother had never known the boy to go to that place before—it is *held* that the mother could not be declared, as a matter of law, to have been guilty of negligence in the care of the child.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Defendant was engaged by contract in the driving of foundation piles within the limits of property of its employer at the southeast corner of Michigan and Jefferson streets in Mil-

waukee, and for that purpose had a number of piles scattered along opposite said property upon the easterly side of Jefferson street. People were in the habit of passing along such street, and children were often present, either in passing or in play. While defendant was engaged in driving a pile, the plaintiff, aged two years and ten months, in company with two other boys, was seated upon one of the logs within the limits of the street, and had been from five to fifteen minutes, according to varying testimony. Soon after commencing to drive the pile, at the second or third stroke or later, the pile broke transversely in two or three places, such breakage being apparent to observation. Thereupon another blow was struck, whereupon one of the sections of the broken pile flew out of the pile driver and fell upon the plaintiff, causing him severe injury. In an action for damages charging negligence of the defendant, a general verdict was rendered in favor of the plaintiff, after overruling motion for nonsuit and for direction of verdict in favor of the defendant. After denial of motion for a new trial, judgment was rendered upon the verdict in favor of the plaintiff, from which the defendant brings this appeal.

*C. H. Van Alstine,* for the appellant, contended, *inter alia,* that, the piles being lawfully in the street, the space occupied by them was withdrawn from public use. *Friedman v. Snare & T. Co.* 71 N. J. Law, 605, 61 Atl. 401. The plaintiff being a trespasser, he had no legal right that could be infringed by negligence on the part of the defendant, as distinguished from intentional injury. *Felton v. Aubrey,* 43 U. S. App. 278, 291; *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 348. Defendant owed no greater duty to plaintiff because he was a child than if he had been an adult. *Felton v. Aubrey,* 43 U. S. App. 278; *Savannah, F. & W. R. Co. v. Beavers,* 113 Ga. 398, 21 Am. & Eng. R. Cas. N. s. 646, 54 L. R. A. 314, 39 S. E. 82; *Dobbins v. Mo., K. & T. R. Co.* 91 Tex. 60, 8 Am. & Eng. R. Cas. N. s. 179; *Hargreaves v. Deacon,*

25 Mich. 1; *Stendal v. Boyd,* 73 Minn. 53, 75 N. W. 735; *Clark v. Manchester,* 62 N. H. 577; *Grindley v. McKechnie,* 163 Mass. 494, 40 N. E. 764. There was no implied invitation to sit on the piles. *Savannah, F. & W. R. Co. v. Beavers,* 113 Ga. 398, 21 Am. & Eng. R. Cas. N. s. 646, 656–658, and cases there cited; *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219; *Stendal v. Boyd,* 73 Minn. 53, 75 N. W. 735; *Ryan v. Towar,* 128 Mich. 463, 87 N. W. 644. No one is bound to watch for trespassers. *Masser v. C., R. I. & P. R. Co.* 68 Iowa, 602, 27 N. W. 779, note. The right of the plaintiff in the street, assuming that the place where he sat had not been withdrawn from public use, was the right to pass and repass at his pleasure for the purpose of legitimate travel and for no other purpose. *Adams v. Rivers,* 11 Barb. 390, 392, 393; *Harrison v. Duke of Rutland* (1893) L. R. 1 Q. B. Div. 142; *State v. Buckner,* 1 Phill. Law (N. C.) 558; *Stinson v. Gardiner,* 42 Me. 248; *Tighe v. Lowell,* 119 Mass. 472; *Hurst v. Salem,* 121 Mass. 294; *Stickney v. Salem,* 3 Allen, 374.

For the respondent there was a brief by *Vilas, Vilas & Freeman,* and oral argument by *E. P. Vilas.* They cited *Reed v. Madison,* 83 Wis. 171; *Meibus v. Dodge,* 38 Wis. 300; *Busse v. Rogers,* 120 Wis. 443; *Delancy v. M. & St. P. R. Co.* 33 Wis. 67; *Hogan v. C., M. & St. P. R. Co.* 59 Wis. 139; *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626; *Davis v. C. & N. W. R. Co.* 58 Wis. 646; *Whalen v. C. & N. W. R. Co.* 75 Wis. 654; *Johnson v. L. S. T. & T. Co.* 86 Wis. 64; *Carmer v. C., St. P., M. & O. R. Co.* 95 Wis. 513.

DODGE, J. The sole assignment of error is upon refusal to order nonsuit or to direct verdict for defendant, which rests upon the contentions that no negligence was proved against it, that it is liable only for gross negligence, and that contributory negligence was established against plaintiff's mother. Of course, as appellant argues, mere carelessness is not ground of liability, unless a breach of some duty to others

and committed under such circumstances as to render injury to the person or rights of another probable. Every one, however, owes a duty to exercise due care whenever negligence is likely, to the apprehension of an ordinarily intelligent and prudent person, to injure another in his lawful rights. There is abundant evidence of the frequent presence in Jefferson street, to the knowledge of the defendant's operatives, of people passing or pausing there in such proximity to the pile driver as to be in peril from flying portions of piles, should they break. Hence the reasonable anticipation of some injury from such an event might by the jury have been found. But, appellant argues, no duty rested upon defendant toward such people, except to refrain from gross negligence, for they were trespassers; and this because, by the exercise of defendant's lawful right to place in the street building materials inconsistent with occupation thereof for travel, it had temporarily ceased to be subject to such latter use. True, some limited right in the lotowner to incumber an adjoining street with building materials is recognized. *Hundhausen v. Bond,* 36 Wis. 29; *Raymond v. Keseberg,* 84 Wis. 302, 54 N. W. 612. The exercise of such right does not, however, transpose the street into private property. It is merely one of the lawful uses of the space as a public street, and is in deference to the rights of others to make all lawful use thereof. *Raymond v. Keseberg, supra; Van O'Linda v. Lothrop,* 21 Pick. 292. The presence of a vehicle in the street, while entirely lawful, is not exclusive of the right of another to be there, nor does such lawfulness absolve the owner from the duty of due care toward the other. Why should lawfulness of building materials have any greater effect? We cannot at all agree with the proposition that, because defendant had placed some materials within the limits of Jefferson street, all others using the street were trespassers, nor that defendant was absolved from the general duty of ordinary care toward them.

At this point counsel further insists that, whatever may

be true as to a traveler, one using the street otherwise than for persistent travel is unlawfully using it, and therefore a trespasser, and contends that one standing in the street from motives of curiosity, or a child using the street for purposes of play, is within the application. He cites cases denying liability of municipalities to nontravelers and the definitions of travel there announced; but such cases present little analogy, for they go upon a strict construction of the statute imposing municipal liability, and, while holding that one must be a traveler in order to have the benefit of such statute, by no means decide that every other person is unlawfully within the street or a trespasser. *Reed v. Madison,* 83 Wis. 171, 177, 53 N. W. 547. It is settled that one is not an outlaw merely because engaged in an unlawful act within the street, but is nevertheless entitled to recover for an injury to which the unlawfulness of his own act has no proximate causal relation. *Sutton v. Wauwatosa,* 29 Wis. 21. Highways are devoted to all such uses as are ordinarily made of them, and we are not prepared to declare that standing therein to study a show window, or to discuss business or politics, may not to a reasonable extent be within the traditional uses of the public street. The question of the use of the streets by children is so fully discussed in *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219, that little need be added. Children, since long prior to the dedication of any of our streets, have used public places for play and satisfaction of their childish instincts and propensities. Such fact is known of all men, is involved in the use for which streets are dedicated, and is and must be taken into account by ordinarily prudent and humane persons in the regulation of their conduct. *Meibus v. Dodge,* 38 Wis. 300; *Johnson v. C. & N. W. R. Co.* 49 Wis. 529, 5 N. W. 886; *Hemmingway v. C., M. & St. P. R. Co.* 72 Wis. 42, 50, 37 N. W. 804. It is difficult to discover any respect in which appellant's contention is not directly refuted by *Johnson v. C. & N. W. R. Co.* There a little boy

was playing upon defendant's tracks at a street crossing. The tracks were lawfully there. The court nevertheless held that, although yielding to childish impulse the boy had stopped to play, he was lawfully in the street, and the defendant owed him the duty of due care in operating its trains, and was liable for failure therein.

Appellant's principal reliance is upon *Friedman v. Snare & T. Co.* 71 N. J. Law, 605, 61 Atl. 401, and *Pueschell v. Kansas City W. & I. Works,* 79 Mo. App. 459. These cases, while in ultimate decision perhaps distinguishable from *Busse v. Rogers, supra,* rest largely on reasoning quite in conflict with our views as there expressed, and we should hesitate to accord them full force as authority. They are, however, so clearly distinguished from the case at bar as to be of little significance. In both the injury was caused by the material itself, which had been piled in the street, and was immediately induced by acts of the injured person in tampering with or climbing upon the piled-up beams. The trespass there declared to exist was trespass upon the personal property, and the holding was that one lawfully placing material in the street owed no duty to make such materials safe as playthings. In the present case the material in the street had nothing to do with causing the injury. Its presence is merely invoked to convict plaintiff of trespass in being at the place where he was injured by acts of defendant in operating its pile driver claimed to be negligent. We can discover no reason to avert the conclusion that defendant owed towards persons lawfully in the street the duty of due care in operating its pile driver, and that plaintiff's presence was not unlawful under the circumstances disclosed by the evidence most favorable to him.

Appellant's contention that there was no evidence of any negligence in operating the pile driver cannot be sustained. Three witnesses testified that at the penultimate stroke of the hammer the pile broke transversely in two or three places,

so as to make obvious that another blow might well cause one or other of the segments to fly out of place. This breakage was plainly obvious to witnesses twenty to fifty feet away. Defendant's foreman, whose duty was to signal the engineer as to frequency and force of the blows, stood but three or four feet away from the pile, looking directly at it. The engineer was located but ten or fifteen feet from the pile, also watching it at each stroke of the hammer. The inference was entirely reasonable that they saw what was obvious to their eyes. If, knowing the breakage, the foreman permitted or the engineer caused the additional blow, we deem the inference of negligence entirely legitimate within the jury's province.

Upon the issue of contributory negligence of plaintiff's mother the evidence tends to show that she lived in a house something more than a block and a half from the place of injury, and around two street corners; that she was a woman who earned her own living as a nurse, and had the care of the housekeeping for her family, consisting of her mother, an adult brother, herself, and three children; that she had never known the plaintiff to go where the pile driver was at work; that on the day in question her brother was sick in bed, and she was engaged with her Saturday house-cleaning; that she gave plaintiff his lunch in the kitchen, which had a door leading to the back yard that was not locked; that after giving him his lunch she turned to her work in another room and was out of sight only fifteen or twenty minutes when she learned of his injury. To reach this place of danger he must have gone from the kitchen into the back yard, thence into the street in front, and around by the streets to the place of injury. We think that the ordinary mother of a family, under these circumstances, would be very much surprised to learn that she had been guilty of negligence in the care of an approximately three-year-old child. Certainly the fact of such negligence is not clear enough to be declared as mat-

ter of law. *Johnson v. C. & N. W. R. Co.* 49 Wis. 529, 5
N. W. 886; *Hoppe v. C., M. & St. P. R. Co.* 61 Wis. 357,
21 N. W. 227; *Holdridge v. Mendenhall,* 108 Wis. 1, 83
N. W. 1109; *Decker v. McSorley,* 111 Wis. 91, 86 N. W.
554.

*By the Court.*—Judgment affirmed.