GOBAR, Administrator, and others, Appellants, vs. VAL. BLATZ BREWING COMPANY, Respondent.

*December 5, 1922—January 9, 1923.*

*Landlord and tenant: Defective condition of leased premises: Death of tenant: Liability of owner: At common law: "Public buildings:" Definition: Structure devoted to several uses.*

1. A nonsuit was properly granted where the evidence showed that the defendant, the owner of a two-story building, leased it to a tenant who used the first floor as a saloon and sublet the upstairs to the plaintiff, and that the infant child of the plaintiff had fallen to its death from a stairway platform or from a roof over the first story near plaintiff's rooms, as there was no common-law liability on the owner, and sec. 2394—48 and sub. (11) and (12), sec. 2394—41, Stats., relate only to public buildings.

2. A "public building" within the statutory control cannot escape such control or the liabilities to which it is subjected because it is part of an entire structure the balance of which is not within the statute. On the other hand, the rest of the structure does not become drawn within the statute because of the use of the fractional part.

3. To constitute a structure rented for dwelling purposes a "public building" it must be arranged for or used by three or more tenants.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

The plaintiff *Joseph* and his wife, Josephine Gobar, with their children occupied the second floor of a two-story building in Milwaukee owned by the defendant *Valentine Blatz Brewing Company.* The latter leased it to one Kratowicz, who occupied the first story for saloon purposes.

At the top of an outside stairway at the front end of the building a platform extended along the side of the second floor and at the end was a door opening into plaintiff's kitchen. At the rear of the platform another outside stairway led up to the attic and also furnished access to a flat

roof over the first story and in the rear of the plaintiff's rooms. This roof was used by plaintiff's family for drying clothes. There was a railing alongside the former stairway and along the side and end of the platform. Below the top railing on the platform were one or more strips of wood running lengthwise, with a space of from twelve to fifteen inches between the level of the platform and the first of such side strips.

On September 22, 1919, plaintiff's child Josephine, then two and one-half or three years old, was left in the kitchen by the mother and in the care of a sister about seven. Josephine was seen by a neighbor alone and in the mother's absence, on the platform. Shortly afterwards the child was found on the ground or sidewalk close to the house. There is confusion in the testimony as to whether she had fallen at a point directly below this side platform or at a point beyond it and directly below the flat roof above mentioned.

There was no evidence as to the exact place from which or the manner in which the child fell. The death of the child followed instantaneously, and therefore at the trial no claim was asserted by the administrator for pain or suffering to the child.

The action was brought against said Kratowicz, from whom the plaintiff rented said second story, as well as the defendant *Brewing Company* as owner. The only claim for liability against the latter was predicated upon alleged violation by it, as the owner of the premises, of the provisions of the following statutes found in ch. 110a, the material parts of which are as follows:

Section 2394—48. "Every . . . owner of . . . a public building now or hereafter constructed shall so construct, repair or maintain such . . . public building . . . as to render the same safe."

Section 2394—41. "(11) The term 'safe' or 'safety' as applied to . . . a public building, shall mean such freedom from danger to the life, health, safety or welfare of em-

ployees or frequenters, or the public, or tenants, . . . as the nature of the public building will reasonably permit."

Section 2394—41. "(12) The term 'public building' as used in sections 2394—41 to 2394—71 shall mean and include any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public, or by three or more tenants."

At the close of plaintiff's case the action was dismissed as to defendant Kratowicz on plaintiff's own application, and the trial court granted the defendant *Brewing Company's* motion for a nonsuit, and from the judgment then entered the plaintiff has appealed.

For the appellants there was a brief by *Michael Levin* and *Ben J. Wiener,* both of Milwaukee, and oral argument by *Mr. Wiener.*

For the respondent *Val. Blatz Brewing Company* there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

ESCHWEILER, J.   It was properly conceded upon the trial that under the facts as presented there was no showing of any breach by the respondent, as owner of the premises, of any common-law duty or obligation toward the plaintiff or his child, and we can find no reasonable theory upon which it could be said that the legislature intended the statutory regulations and provisions of ch. 110a, Stats., and the particular sections above cited, the sole reliance of appellant here, to include and cover the situation here.

The use of the second floor of this two-story building by the plaintiff for living purposes was entirely separate and distinct from the use of the first floor, and while that portion of it was undoubtedly open to the public and frequenters for trade and traffic, yet the second story certainly was not so open to the public and frequenters.   It is urged, however, that such first story being so used for trade as a place of

resort or by the public, and therefore presumably within the statutory definition of the term "public building," found in sub. (12), sec. 2394—41, *supra,* it brings all under the same roof within the same category. In other words, that where one roof or one structure has under it or within its walls a part subject to the regulation, control, and liabilities provided for in ch. 110*a,* all else under the same roof or within the same outside walls is perforce within the statute also and equally a "public building." A consideration, however, of the scope and purpose of the entire chapter as well as of the particular sections of the statutes here involved clearly shows that such cannot be the reasonable construction to be given to the terms "any structure used in whole or in part" in sub. (12), sec. 2394—41, *supra.* This means, only, that that which is a "public building" within the statutory control and subject to the statutory liabilities cannot escape such control, supervision, and liabilities by reason of being but a part of an entire structure the balance whereof is not, from its purpose or use, within the statutes. Such part of an entire structure as is put to a public use is not withdrawn from the statute by reason of its being but a fractional part of an entirety, but, on the other hand, the rest of the structure does not become drawn within the statute by the use made of the fractional part.

The provisions found in the same sub. (12), viz. "by three or more tenants," also indicates that in order for a building rented for dwelling purposes to come as such within the definition of "public building" it must be arranged for, or used by, three or more tenants. The distinction between the building here, arranged as it was for but two tenants, and that presented in the case of the thirty-five apartment building in *Zeininger v. Preble,* 173 Wis. 243, 180 N. W. 844, is clear and cannot be disregarded.

The nonsuit was properly granted, and consideration of other questions presented is unnecessary.

*By the Court.*—Judgment affirmed.