BADTEN, by guardian *ad litem,* Respondent, vs. CITY OF STEVENS POINT, Appellant.

*October 11—November 9, 1932.*

380

For the appellant there was a brief by *Lyle N. Jenkins,* city attorney, and *Fisher, Cashin & Reinholdt* of counsel, all of Stevens Point, and oral argument by *R. T. Reinholdt.*

*J. R. Pfiffner* of Stevens Point, for the respondent.

ROSENBERRY, C. J. The principal contention of the defendant is that in covering the excavation between the curb and the sidewalk and placing thereon a flare to warn persons of danger, the defendant city was acting in its governmental capacity although in putting in the service installation it may have been proceeding in its proprietary capacity as the owner and operator of waterworks. It is conceded that no notice of injury was served upon the defendant in accordance with sec. 81.15, Stats., and that no claim is made against the city by the plaintiff on the ground that the plaintiff sustained injuries by reason of a defective street. The argument of the defendant is that it is by statute the duty of the defendant city to maintain its streets in a reasonably safe condition for public travel; that in order to make the street at the point in question reasonably safe it was necessary to cover the excavation and give warning of its presence by a light, and that in placing the cover over the excavation and light on the planking the city was therefore acting in a governmental capacity. The plain fact seems to be that the defendant city, in the discharge of a duty which it owed as a public utility to the owner of the premises in question, was engaged in making a service installation; that in making the installation it was necessary for the defendant to make the excavation in question. Being unable to complete it and being obliged therefore to leave it overnight, it was necessary as a part of the operation to guard against injury to persons who might be in the vicinity; that in order to do that it was necessary to cover the excavation and place the flare. This it appears

is a necessary and indispensable part of the work of installing the service, and therefore a failure on the part of the defendant to perform its duty in a situation created by it in the course of its operations as a proprietor was its act as a proprietor, and if, as alleged in the complaint, it was done negligently, then the defendant city is liable. While in its governmental capacity the city owes to travelers and persons upon the streets its duty to maintain the same in a reasonably safe condition, the acts performed by it which resulted in injury to the plaintiff were no part of street construction, street repair, or street maintenance. The planks and light were placed for the purpose of giving warning of the presence of a danger created by the excavation made necessary for the installation of the service.

There is no dispute in this case as to the law. The controversy arises over the application of the law to the facts in the case. We are unable to distinguish this case in principle from *Nemet v. Kenosha,* 169 Wis. 379, 172 N. W. 711. See, also, *State Journal Printing Co. v. Madison,* 148 Wis. 396, 134 N. W. 909.

*By the Court.*—Order affirmed.