WALDMAN, by Guardian *ad litem,* Respondent, vs. YOUNG MEN'S CHRISTIAN ASSOCIATION OF JANESVILLE, Appellant.

*January 12—February 15, 1938.*

The cause was submitted for the appellant on the brief of *Regan & McCue* of Milwaukee, attorneys, and *J. H. Johnston* of Beloit of counsel, and for the respondent on that of *Nolan, Dougherty, Grubb & Ryan* of Janesville.

WICKHEM, J . On December 27, 1936, plaintiff, ten years old, was a member of a swimming class for boys at the Janesville Young Men's Christian Association. The class was under the supervision of employees of defendant. The swimming pool had been equipped with a diving board per-

manently attached and fixed, never removed except for repairs. This board was held in place by two U-shaped iron braces fastened onto bolts which were anchored in the cement foundation, one near the edge of the pool, and the other three or four feet back from the edge. The diving board was laid on top of these braces, and another U-shaped iron brace was fitted over the top of the board and bolted at the sides to the lower brace. This is conceded to be standard construction. Two or three weeks previous to the date of the accident the diving board became defective and was removed. This was done by loosening the top braces, the latter being left in position ready for insertion of a new board. Removal of the board left the pool without diving facilities, and on at least one occasion the physical director had used a bleacher board to replace it. When this was done, the board was inserted into the permanent braces and fastened by tightening the bolts. On this occasion, however, the employee in charge of the class allowed the boys to put a loose board into the permanent brackets without bolting or fastening it. The employee stood on the board to steady it. The boys were warned not to jump sidewise off the board, but one of them did, and plaintiff, who was standing with the instructor on the board or near it, was struck by the side motion of the board. The facts are not in dispute, and the question is whether there is liability under the safe-place statute. There was originally a charge of negligence, but this cause of action was abandoned for the reason that the Young Men's Christian Association, being an eleemosynary institution, was not liable for negligence. *Bachman v. Young Women's Christian Asso.* 179 Wis. 178, 191 N. W. 751. This left the action to proceed under the safe-place statute.

Here, as in the case of *Erbe v. Maes,* 226 Wis. 484, 277 N. W. 111, plaintiff asserts that whenever the owner of a public building is also an employer, and the building or so

much of it as is material to the action, is a place of employment, the owner sustains the more extensive duties and liabilities of an employer under the safe-place statute rather than the more limited duties and liabilities of an owner. The difference in scope between the duties of employers and owners under the safe-place statute is pointed out in *Jaeger v. Evangelical Luth. Holy Ghost Cong.* 219 Wis. 209, 262 N. W. 585, and it is unnecessary to repeat what was there said. The question raised by this contention need not be dealt with in this opinion because we are satisfied that the premises here involved did not constitute a place of employment as defined in the safe-place statute. Sec. 101.01 (1), Stats., defines "place of employment" as:

". . . Every place, whether indoors or out or underground and the premises appurtenant thereto where either temporarily or permanently any industry, trade or business is carried on, or where any process or operation, directly or indirectly related to any industry, trade or business, is carried on, and where any person is directly or indirectly, employed by another for direct or indirect gain or profit, but shall not include any place where persons are employed in private domestic service or agricultural pursuits which do not involve the use of mechanical power."

It is our conclusion, that since the section includes within the definition of "place of employment" only places where "any industry, trade or business, is carried on" and "where any person is directly or indirectly, employed by another for direct or indirect gain or profit," it does not apply to the premises here involved. The Young Men's Christian Association is a religious and charitable institution, and that portion of its building in which the accident happened is devoted to the charitable purposes which the organization exists to carry out. It is quite immaterial that fees are charged to cover a portion of the charitable purposes of the organization. It is likewise immaterial that a hotel or dormitory

is operated for profit in another portion of the building. It may well be that as to such portion the statute applies, although it is unnecessary to pass upon that here. The portion of the premises in which the accident happened was not one in which an industry, trade, or business was being carried on, nor was any person employed there for direct or indirect gain or profit. Hence, the swimming pool and its environs were not a place of employment, and the liabilities of the defendant under the safe-place statute must be predicated upon its status as owner of a public building. The duty of defendant as owner to maintain the building has no application to temporary conditions unrelated to the structure of the building or the materials of which it is composed. *Jaeger v. Evangelical Luth. Holy Ghost Cong., supra; Juul v. School District,* 168 Wis. 111, 169 N. W. 309; *Holcomb v. Szymczyk,* 186 Wis. 99, 202 N. W. 188.

We are of the opinion that the instant case is not one involving a failure to maintain the building. Defendant had no obligation to furnish a diving board, or, having furnished one, to replace it during the period when it was being removed for repairs. The absence of a diving board in the brackets did not render the premises unsafe, and the situation is for all practical purposes the same as though no diving board had ever been provided. The defendant was not in any sense attempting to maintain a diving board, and the temporary improvision of a loose board for purposes of diving seems to us to either constitute a temporary condition having nothing to do with the structure of the building or the mere negligent misuse of equipment for a purpose for which it was not designed. The boys were negligently permitted to use equipment for diving that was not being maintained by defendant as a part of the structure for that purpose, and the injury to plaintiff was the result of negligence rather than a failure to keep a safe place. It was a tem-

porary condition unrelated to the structure of the building having nothing to do with the design of the building or the materials of which it was composed, and the action cannot be sustained under the safe-place statute. It being conceded that defendant is not liable merely for negligence, it follows that the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.