HERRICK and another, Plaintiffs, vs. LUBERTS and another, Respondents: TOWN OF GREENFIELD, Impleaded Defendant and Appellant.

*January 11—February 7, 1939.*

*Fred L. Luehring* of Milwaukee, for the appellant.

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb, Lawson Adams,* and *Henry Reuss* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

A brief was also filed by *Walter J. Mattison,* city attorney of Milwaukee, and *Omar T. McMahon,* assistant city attorney, as *amici curiæ.*

WICKHEM, J.   The only contention made in the respondents' brief and to which any consideration will here be given is that the place of the accident, a public highway in the town of Greenfield, constituted a place of employment; that by reason of accumulations of ice and the consequent slippery con-

dition it was not safe; that a frequenter having been injured by reason of this unsafe condition whether solely or in combination with negligence on the part of another the town is either solely liable to plaintiff under sec. 101.06, Stats. (the safe-place statute), or liable in contribution to the other defendants, if the latter are adjudged liable and required to discharge this liability by payment.

We consider that under the doctrine of *Waldman v. Young Men's Christian Asso.* 227 Wis. 43, 277 N. W. 632, the highway was not a place of employment as defined in the statute, and this being true, the town would not be liable for temporary conditions wholly unconnected with structural defects or faulty material. See *Jaeger v. Evangelical Luth. Holy Ghost Cong.* 219 Wis. 209, 262 N. W. 585. No business for gain was carried on in the public streets by the town and there were no employees working for the business profit of the town. The employees who used the streets as places of employment are described in the complaint and are the ordinary municipal employees engaged in governmental affairs.

In view of this conclusion, no useful purpose will be served by considering or determining whether or under what circumstances a municipal corporation may sustain a liability under the safe-place statute for defects in its streets or highways.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer of the impleaded defendant town of Greenfield and for further proceedings according to law.