GRINDE, by Guardian *ad litem,* Respondent, vs. CITY OF WATERTOWN, Appellant.

*October 9—November 7, 1939.*

552

*Harold W. Hartwig* of Watertown, for the appellant.

For the respondent there was a brief by *Grady & Dakin* of Watertown, and oral argument by *Harold M. Dakin*.

Fowler, J.  The plaintiff was injured by catching her hands in a part of a slide placed in a city park for the entertainment of children.  When in operation steps led to the top of the slide.  The slide portion was of metal and curved from the top down to a short distance from the ground and had wooden guards about four inches high on each side.  Sections of the wooden guards were fastened together with bolts.  These bolts had become loose and likely to catch the hands of children using the slide.  The superintendent of the

park had been informed of this condition, and had directed that the slide portion be removed from the framework supporting the top of the slide and the steps and be repaired. The slide was accordingly removed on the morning of the day of the injury and laid on the ground bottom side up near some bushes about six feet from where it had been. The steps were placed under the bandstand in the park. About 4 o'clock in the afternoon the plaintiff, a child of nine years, attempted to use the slide and caught her fingers in a loosened joint of the railing and so injured her hands that one finger on one hand and two upon the other were amputated at the first joint. The child claimed that the slide portion was right side up when she tried to use it, but said it was near the bushes. The plaintiff said she climbed on the slide from the bottom part on the ground to the top using the railing to aid in climbing. A carpenter had been employed to fix the slide and had promised to fix it that day or the next. When the slide portion was bottom side up it could not be used for sliding as there were cleats on the bottom a foot apart to support the sheet of metal. It was in that condition when an employee of the park board who did not return to the park in the afternoon left at noon. The slide portion had been moved about three feet prior to the accident by some person unknown after it was left bottom side up.

The case was submitted to the jury on two theories: (1) That "at or immediately prior" to the injury to the plaintiff the safe-place statute was applicable to it, and (2) that the slide was a nuisance.

(1) The claim that the safe-place statute applies is based upon the ruling of this court in *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290, wherein it was held that bleachers erected in a football field constituted a public building under sec. 101.06, Stats., within the definition of that term given in sec. 101.01 (12), Stats., which is to the effect that any "structure used . . . as a place of resort, assemblage, . . . or use by the public," is a public building.

We are of the view that a slide in a public park maintained by a municipality is not a public building within the meaning of sec. 101.06, Stats. The situation is more like that of the flagpole in a schoolyard involved in *Lawver v. Joint District, post,* p. 608, 288 N. W. 192. Besides, the slide was not being maintained at the time the plaintiff was injured. It was not in use as a slide and it was not contemplated that it would be so used. The situation involved is more like that involved in *Waldman v. Young Men's Christian Asso.* 227 Wis. 43, 277 N. W. 632, wherein a springboard in an indoor swimming pool got out of repair and was taken out for repairing and persons using the pool were temporarily using a loosely fastened plank as a diving board. The use of the dismantled slide by the plaintiff no more rendered the city liable than the use of the improvised diving board rendered the Y. M. C. A. liable in the *Waldman Case, supra.*

(2) That a city is liable for maintenance of a nuisance when operating in its governmental capacity is recognized by the decisions of this court. The rule to that effect is stated in *Harper v. Milwaukee,* 30 Wis. 365, 373, and *Bruhnke v. La Crosse,* 155 Wis. 485, 144 N. W. 1100. What is and what is not a nuisance is considered at length in *Erickson v. West Salem,* 205 Wis. 107, 236 N. W. 579. Many cases are there cited in which things were involved that were claimed to constitute nuisances. Counsel for respondent cites three of the cases there cited to support the proposition that the thing here involved was a nuisance, *Winchell v. Waukesha,* 110 Wis. 101, 85 N. W. 668, *Matson v. Dane County,* 172 Wis. 522, 179 N. W. 774, and *Jensen v. Oconto Falls,* 186 Wis. 386, 202 N. W. 676. In the first an open sewer throwing off offensive odors and germs deleterious to health was involved; in the second a water hole was created at the discharge of a culvert across a road, which constituted a trap attractive and dangerous to children into which children fell and were drowned. These two things were held to

be nuisances. In the third a large and long metal culvert pipe was involved and was left close beside the roadway which frightened a horse and caused injury to a traveler on the road. This was not treated as a nuisance, but as failure to maintain the road safe for public travel. The thing here involved is manifestly different from the things involved in these cases, or in any of the cases discussed in the *West Salem Case, supra.* It may be conceded that the slide in the instant case was attractive and dangerous to children, when right side up, as it was when the plaintiff attempted to use it as a slide. But it was not dangerous when bottom side up as it was when placed and left by the park employees. The thing weighed one hundred thirty pounds, and was manifestly too heavy for a nine-year-old child and her five-year-old brother who was with the plaintiff to turn over. It does not appear who turned it over and rendered it dangerous. It seems clear that permitting it to be right side up at 4 o'clock, or failing to keep watch of it so as to prevent its being right side up at 4 o'clock, was not creating or maintaining a nuisance, but at most and worst was only negligence on the part of the employees for which the city, which in maintaining the park was performing a governmental function, is not liable. *Cegelski v. Green Bay,* 231 Wis. 89, 285 N. W. 343, and cases there cited.

*By the Court.*—The judgment of the circuit court is reversed, and the case is remanded with directions to dismiss the complaint.