PADLEY and wife, Respondents, vs. VILLAGE OF LODI, Appellant.

*January 18—February 13, 1940.*

For the appellant there was a brief by *Olin & Butler,* and oral argument by *Eldon J. Cassoday* and *Robert M. Rieser,* all of Madison.

For the respondents there was a brief by *Rogers & Owens* of Portage, and oral argument by *Harlan B. Rogers.*

FAIRCHILD, J. The trial court submitted the case to the jury on a special verdict inquiring in effect as to whether a safe place of employment existed, and whether the water shutoff box was a nuisance maintained by the village. Judgment was granted on the theory that the safe-place statute applied in this case. The position is untenable. The words "place of employment" carry a definite meaning which leaves no room for plaintiff's claim, under the circumstances of this case, that she was a frequenter of a place of employment; for, as a matter of fact, she was using the streets of the

municipality merely as a traveler. A place of employment originally meant and still does mean a place where active work, either temporary or permanent, is being conducted in connection with a business for profit; where some process or operation related to such industry, trade, or business is carried on; and where any person is directly or indirectly employed by another. Secs. 101.01 (1) and 101.06, Stats. *Waldman v. Young Men's Christian Asso.* 227 Wis. 43, 277 N. W. 632; *Herrick v. Luberts,* 230 Wis. 387, 284 N. W. 27.

The surface of the street at the place of the accident was not being used in such a manner as to create a place of employment, nor does the fact that some thirty years ago pipe was laid beneath the surface of the street for the purpose of carrying water into a building, and that a shutoff box was placed so as to rise about one and four-fifths inches above the surrounding surface, constitute the street or the shutoff box a nuisance. The street having been surfaced, and not being a place of employment, actions brought to recover for injuries to travelers due to defects are controlled by sec. 81.15, Stats. It is not contended by respondent that a cause of action now exists under that section, because conditions precedent to a cause of action thereunder have not been met.

The municipality has control of the streets in its governmental capacity. This may be affected by operations actually and actively carried on to the extent that while employees are engaged in such operations the portion of the street used may become a place of employment. Therein lies the distinction between this case and the case of *Badten v. Stevens Point,* 209 Wis. 379, 245 N. W. 130. This case is ruled by *Calvert v. Appleton,* 196 Wis. 235, 219 N. W. 102, and *Herrick v. Luberts, supra.*

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.