Flynn, Appellant, vs. Chippewa County, Respondent.

*December 7, 1943—January 18, 1944.*

For the appellant there was a brief by *Stafford & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford*. *Ronald F. North,* district attorney, for the respondent.

WICKHEM, J.  The facts in this case are not in dispute. Plaintiff was committed to the county jail of Chippewa county to serve a sentence for nonsupport.  The injury to plaintiff occurred during his incarceration.  The county jail faced south.  In the front of the building are the living and business quarters of the sheriff.  In the rear of the building are the cells for prisoners.  A stairway inside the jail portion of the structure leads to the basement which extends only under the front portion of the building.  In the basement is a furnace room with exit or stairway leading to an inclosed yard.  Some prisoners, including plaintiff, are sentenced to hard labor which is done in this yard.  The only way to reach the yard is to walk down the stairway from the cell block into the basement, go through the furnace room and up the stairway leading outdoors.  Plaintiff and other trusties were allowed the liberty of going from the jail block into the basement at will and also did chores about the building such as carrying ashes outside from the basement exit.  They made a practice of using the furnace room as a lounging room.

On January 12, 1942, plaintiff, who had been lounging in the furnace room, went up the exit stairway for the purpose of "getting a breath of air."  In attempting to secure the door at the top of the stairway by pulling it and fastening it from the inside, the door handle gave way and he fell down the stairs, sustaining injuries to his foot.  The stairway had no railing, platform, or lights, and concededly violated the safety orders of the industrial commission.  The amount of damages was stipulated.

Upon the foregoing facts the trial court held that the portion of the building where the injury occurred was not a public building and that plaintiff was a trespasser while in and about the lounging room.

Sec. 101.06, Stats., requires every owner of a public building to construct, repair, and maintain it so as to render it safe. Sec. 101.01 (13) includes in its definition of "owner" state, county, town, city, etc. Sec. 101.01 (12) defines "public building" as "any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public, or by three or more tenants."

In *Sullivan v. School District,* 179 Wis. 502, 191 N. W. 1020, this court held that a school district was not liable under the safe-place statute as it then stood for an injury sustained by a pupil as a result of failure to maintain the school as a safe place. The legislature has since changed that rule by amendments to the foregoing sections specifically including the state, county, city, etc. In *Heiden v. Milwaukee,* 226 Wis. 92, 275 N. W. 922, 114 A. L. R. 420, we held that a student could recover for injury sustained under circumstances similar to those in the *Sullivan Case.* In the *Heiden Case* the contention was that the safe-place statute is in derogation of common law and should be strictly construed, but the court held that the amendment of sec. 101.01 (13), Stats., specifically includes cities and school districts within the definition of "owner" and clearly imposed the liability.

It is clear enough therefore that under the statute as construed in the *Heiden Case, supra,* a county is liable under the safe-place statute. The case is quite different from *Holzworth v. State,* 238 Wis. 63, 298 N. W. 163, in which this court refused to hold that the inclusion of the state within the definition of "owners" was enough to make the state liable. That rule was based upon the sovereignty and consequent immunity of the state, and the opinion specifically states that the situation is different in respect of counties, cities, or other municipal corporations.

The important question is whether the portion of the jail involved here was a public building. We hold that it was not. The wording of sec. 101.01 (12), Stats., defining a "public building" gives considerable color to the claim that any struc-

ture used in part for the public purposes detailed in that section is a public building in its entirety. This construction, however, has been repudiated by this court. See *Grossenbach v. Devonshire Realty Co.* 218 Wis. 633, 637, 261 N. W. 742; *Gobar v. Val. Blatz Brewing Co.* 179 Wis. 256, 191 N. W. 509; *Bewley v. Kipp,* 202 Wis. 411, 233 N. W. 71. The *Grossenbach Case* said:

"But the duty of the owner to maintain in a safe condition a building that is a public building under the statute extends only to such parts as are used by the public or by tenants in common."

The portion of the jail in which the injury occurred was not maintained as a public building. The public was, in fact, excluded from that portion of the structure. It was not even maintained for the use of prisoners although the practice of allowing some of the prisoners to lounge in the furnace room might give color to the argument that plaintiff was not a trespasser. If, however, the portion of the building here involved is not a public building, plaintiff's status as a frequenter or an invitee is wholly immaterial.

It appears from the facts that some of the prisoners were required to use the stairway and door in carrying ashes and performing other assigned duties. From this it is suggested that the place of injury was a place of employment. This contention was decided by the court adversely to plaintiff in *Waldman v. Young Men's Christian Asso.* 227 Wis. 43, 277 N. W. 632; *Herrick v. Luberts,* 230 Wis. 387, 284 N. W. 27; *Padley v. Lodi,* 233 Wis. 661, 290 N. W. 136. The reason for the rule of these cases is that no industry, trade, or business was carried on there, and no person directly or indirectly employed by another for direct or indirect gain or profit.

The foregoing requires the conclusion that plaintiff is without remedy under the safe-place statute.

*By the Court.*—Judgment affirmed.