DELANEY, Respondent, vs. SUPREME INVESTMENT COM-
PANY, Defendant : SODEN and others, Appellants.

*September 11—November 18, 1947.*

For the appellants there were briefs by *Affeldt & Lichtsinn,* attorneys, and *Eldred Dede* of counsel, for Arnold J. Heinen; by *Raymond J. Moore,* attorney for the Independent Packing House Markets; and·by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, for the T. C. Esser Company, all of Milwaukee, and oral argument by *Mr. H. F. Lichtsinn, Mr. Moore,* and *Mr. Charles B. Quarles.*

For the respondent there was a brief by *Margaret Rettig*, attorney, and *William B. Rubin* of counsel, both of Milwaukee, and oral argument by *Mr. Rubin*.

BARLOW, J.   This case was tried on the theory and claim that defendants failed to construct and maintain the building so as to render it safe under the provisions of sec. 101.06, Stats., commonly referred to as the "safe-place statute."   Appellants contend this statute does not apply.

The safe-place statute first became the law of this state by the enactment of ch. 485, Laws of 1911.   As enacted it concededly applied only to employees and frequenters and places of employment.   Sec. 2394—48, Stats. 1911, provided that employers "shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof."   This section was amended by ch. 588, Laws of 1913, by adding the following:

"Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building, and every architect shall so prepare the plans for the construction of such place of employment or public building, as to render the same safe."

This section has been renumbered, and is now sec. 101.06, Stats.

Sec. 2394—41 (11), Stats., as originally enacted in 1911, provided:

"The term 'safe' and 'safety' as applied to an employment or a place of employment shall mean such freedom from danger to the life, health or safety of employees or frequenters as the nature of the employment will reasonably permit."

This section was amended by ch. 588, Laws of 1913, by adding the words shown in italics so as to read:

"The term 'safe' *or* 'safety' as applied to an employment or a place of employment *or a public building,* shall mean such freedom from danger to the life, health, safety *or welfare* of em-

ployees, or frequenters, *or the public, or tenants, and such reasonable means of notification, egress and escape in case of fire,* as the nature of the employment, *place of employment, or public building,* will reasonably permit."

This section was further amended by ch. 133, Laws of 1917, by adding the words shown in italics, as follows:

"The term 'safe' or 'safety' as applied to an employment or a place of employment or a public building, shall mean such freedom from danger to the life, health, safety, or welfare of employees or frequenters, or the public, or tenants, *or firemen,* and such reasonable means of notification, egress and escape in case of fire, *and such freedom from danger to adjacent buildings or other property* as the nature of the employment, place of employment, or public building will reasonably permit."

Sec. 2394—41 (11), Stats., has been renumbered and is now sec. 101.01 (11). Sec. 2394—41 was further amended by ch. 588, Laws of 1913, by adding sub. (12) thereto, defining a public building as follows:

"The term 'public building' as used in sections 2394—41 to 2394—71 shall mean and include any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public, or by three or more tenants."

No further amendments material here were made to the sections and subsections heretofore set forth. They continued to be the law of this state at all times after their enactment to the present time.

Ch. 485, Laws of 1911, created the industrial commission to administer this chapter, and an examination of the history of ch. 101, Stats., shows that the amendments above referred to, and other amendments not material here, were sponsored by the industrial commission. It appears from the material available that there was doubt whether the safe-place statute applied only to equipment used by an employee or whether it also applied to the building in which he was employed. It had been

argued in court that it applied to the equipment used by the employee, and not the building. The amendment to sec. 2394—48, Stats. 1911, by ch. 588, Laws of 1913, to include public buildings was for the purpose of clarifying this question. See "The Industrial Commission of Wisconsin" by A. J. Altmeyer.

It also appears that prior to 1913 a series of fires had occurred in public buildings as defined by sec. 2394—41 (12) [now sec. 101.01 (12)], Stats., in the states of Ohio, New York, New Jersey, and other states, resulting in the death of a large number of persons, which caused great public alarm. See "Report of Allied Functions, Industrial Commission of Wisconsin" issued August 31, 1914. This prompted the addition of the words "or the public, or tenants, and such reasonable means of notification, egress and escape in case of fire, as the nature of the employment, place of employment, or public building" will reasonably permit. From the material available it is evident the intention was to protect the people within the building. Among other things the definition of the term "frequenter" has not been changed from the time the statute was first enacted, except by adding the words "or public building" in 1917, and provides that it "shall mean and include every person, other than an employee, who may go *in* or be *in* a place of employment or public building under circumstances which render him other than a trespasser." Sec. 101.01 (5). The use of the words "egress and escape in case of fire" in sec. 101.01 (11), which has remained unchanged since 1913, bears out the other information available on this question. Then in the amendment by ch. 133, Laws of 1917, in order to further protect against fires, the word "firemen" was added to the section, and realizing that in case of fire adjoining buildings were in danger and every effort should be made to protect adjoining buildings with fireproof construction, the following words were added: "and such freedom from danger to adjacent buildings or other property" as the nature of employment, place of employment, or public building will reasonably permit.

This, it seems to us, makes untenable the contention of the respondent that the use of the words "public" and "public building" was intended to protect the public wherever they may be. While it was held in *Sadowski v. Thomas Furnace Co.* (1914) 157 Wis. 443, 146 N. W. 770, that the legislative language, where open to construction, should be read liberally in favor of the purpose of the statute, this court has on numerous occasions held that the safe-place statutes are not to be extended so as to impose any duty beyond that imposed by the common law unless such statute clearly and beyond any reasonable doubt expresses such purpose by language that is clear, unambiguous, and peremptory. *Sullivan v. School District* (1923), 179 Wis. 502, 191 N. W. 1020; *Lawver v. Joint District* (1939), 232 Wis. 608, 288 N. W. 192; *Highway Trailer Co. v. Janesville Electric Co.* (1925) 187 Wis. 161, 204 N. W. 773; *Wisconsin B. & I. Co. v. Industrial Comm.* (1940) 233 Wis. 467, 290 N. W. 199.

It is noted that the common-law rule was applied in *Majestic Realty Corp. v. Brant* (1929), 198 Wis. 527, 224 N. W. 743, and *Johnson v. Prange-Geussenhainer Co.* (1942) 240 Wis. 363, 2 N. W. (2d) 723, no claim being made that the safe-place statute applied, although it had been the law since 1911. In the *Majestic Case* the owner of a building was held liable for personal injuries to a person on a sidewalk caused by the fall of a part of a balcony overhanging the street, on the ground that in the exercise of ordinary care the defect in the balcony could have been discovered; and in the *Johnson Case* the plaintiff was injured by falling on a public sidewalk by reason of an accumulation of ice caused by disrepair of a drainpipe on a public building adjacent to the sidewalk. It is unusual that no claim has ever been made heretofore before this court that the safe-place statute applies to cases of this kind over the long period of time that the statute has been in effect if it is applicable.

A highway is not a place of employment under ch. 101, Stats. *Waldman v. Young Men's Christian Asso.* (1938) 227 Wis. 43, 277 N. W. 632; *Herrick v. Luberts* (1939), 230 Wis. 387, 284 N. W. 27; *Padley v. Lodi* (1940), 233 Wis. 661, 290 N. W. 136. While the building in question was a public building, the duty of the owner of such building under the safe-place statute to maintain the building in a safe condition extends only to such portions as are used or held out to be used by the public or tenants in common. *Gobar v. Val. Blatz Brewing Co.* (1923) 179 Wis. 256, 191 N. W. 509; *Bewley v. Kipp* (1930), 202 Wis. 411, 233 N. W. 71; *Grossenbach v. Devonshire Realty Co.* (1935) 218 Wis. 633, 261 N. W. 742; *Flynn v. Chippewa County* (1944), 244 Wis. 455, 12 N. W. (2d) 683. Thus we have only limited portions of the interior of a building that must be rendered safe by the owner, which is wholly inconsistent with the contention that the entire exterior of the building must be rendered safe as against the public wherever they may be upon a highway. The general rule under the common law of this state and other states is that a building abutting on a highway must be so constructed and maintained that it will not fall and injure persons lawfully on the highway; that while the owner or the person in control of such structure is not an insurer, he is bound to use reasonable care and skill in the construction and maintenance thereof, and he is bound to inspect from time to time. *Hubbell v. Viroqua* (1886), 67 Wis. 343, 347, 30 N. W. 847; *Compty v. C. H. Starke Dredge & Dock Co.* (1906) 129 Wis. 622, 627, 109 N. W. 650, 9 L. R. A. (N. S.) 652; *Cook v. Rice Lake Milling & Power Co.* (1911) 146 Wis. 535, 130 N. W. 953, 132 N. W. 346, 32 L. R. A. (N. S.) 1225. See also 7 A. L. R. 204, supplemented in 138 A. L. R. 1078.

It is recognized that the legislature intended to place a greater responsibility on employers and owners of public buildings for the protection of employees and the public within

the building beyond that required by the common law, but there is nothing in the language of the statute which brings persons on a street within its terms. It is considered the statute is not that broad.

It follows from the foregoing that this action should have been tried upon issues of common-law negligence and not upon the safe-place statute. Since common-law negligence is in the case under the pleadings this makes it proper to order a retrial of the case and we have no occasion to make an extensive review of the evidence to determine whether jury questions are present on the issue of negligence because since the case was not tried on this issue all evidence available may not have been introduced. It may be proper to suggest that as the record stands there is sufficient evidence to go to the jury on the question of the negligence of the tenant, *Majestic Realty Corp. v. Brant, supra,* but not enough to warrant submission of whether the work as performed by the contractor and subcontractor constituted a nuisance. The general rule is that an independent contractor is relieved from responsibility to persons for injuries suffered by them after he has completed his work and it has been accepted by his principal. There is an exception to this rule, however, where the work constitutes a nuisance. *Schumacher v. Carl G. Neumann D. & I. Co.* (1931) 206 Wis. 220, 223, 239 N. W. 459; 45 C. J., Negligence, 884; 27 Am. Jur., Independent Contractors, 534; 41 A. L. R. 8; 123 A. L. R. 1197. To permit the entire matter to be tried under the proper rule of law requires the entire judgment be reversed.

*By the Court.*—Judgment in favor of plaintiff and dismissing defendants' cross complaints reversed and cause remanded with directions to grant a new trial.