FEIRN, by Guardian *ad litem,* and another, Respondents, vs. VILLAGE OF SHOREWOOD HILLS, Appellant.

*September 17—October 12, 1948.*

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland,* and oral argument by *Ralph E. Axley,* all of Madison.

For the respondents there was a brief by *Rieser & Mathys* of Madison, and oral argument by *Clifford G. Mathys.*

FRITZ, J.   The allegations in the complaint, in so far as material on this appeal, are to the following effect:

Plaintiff, Carola Myrlyn Feirn is thirteen years of age, and resides with her father in the village of Shorewood Hills. There it constructed, maintained and operated a pier which consisted of a boardwalk extending about seventy-five feet from the shore of lake Mendota, and supported by crossarms on posts driven into the lake; and at the end of the walk there was a board platform twelve by sixteen feet, likewise supported by wooden posts; and the walk and platform extended about a foot above the lake-shore level. Upon the platform there was constructed a wooden bench, a diving board, and an observation tower. The pier and platform were erected for the use of the inhabitants, residents, and citizens of said village and their children, and that the plaintiffs were such citizens and residents.

On July 26, 1947, Carola Feirn was a frequenter on the pier and platform for the purpose of swimming and relaxing, and while so engaged she slipped and fell upon the platform, "the same being then wet and slippery," and sustained the injuries referred to.

The pier and platform was a public building and a structure used in whole or in part as a place of resort and assemblage for occupancy and use by the public.

Defendant, being the owner thereof, "failed to so construct, repair, and maintain such structure and public building so as to render the same as free from danger to the life, health, safety, and welfare of frequenters and of the public as the nature of such public building and structure would reasonably permit, in that it failed to treat the boards comprising said platform with

paint or other similar treatment so as to prevent the same from becoming water soaked and slippery and permitted the same to be water soaked and slippery at the time herein mentioned, and likewise failed to provide the surface of said platform with a matting of rubber, fiber, or other similar covering so as to prevent the same from being and becoming slippery."

Defendant at the time of the injury sustained by the plaintiff knew or ought to have known of the defects in said platform causing the same to be slippery at the time in question; and "defendant failed to exercise ordinary care in that it failed to treat the boards of said platform with paint or other similar substance to prevent the same from becoming water soaked and slippery and . . . failed to provide a matting of rubber, fiber, or other similar material to cover the slippery surface."

In support of its demurrer defendant contends, (1) that the bathing pier and platform used as a means of ingress and egress to and from navigable waters is not a public building or structure under the safe-place statute; and, (2) that not everything which is constructed or may be called a structure meets the calls of this statute. In thus contending the defendant cites *Lawver v. Joint District,* 232 Wis. 608, 612, 613, 288 N. W. 192; *Padley v. Lodi,* 233 Wis. 661, 290 N. W. 136; *Grinde v. Watertown,* 232 Wis. 551, 288 N. W. 196.

In the *Lawver Case, supra,* the accident resulted when a flagstaff, which was set in concrete on public school grounds but which had no physical connection with the school building, broke and fell down on a boy causing his death. This court concluded that although the flagstaff was a structure, neither it nor its concrete base constituted a "public building" for the reason that neither was within the meaning of that term as used in sec. 101.01 (12), Stats. As this court then said, "the structure there referred to must be used as a place of resort, assemblage, lodging, trade, traffic, occupancy or use by the public, or by three or more tenants." That conclusion in the *Lawver Case* is not applicable herein, because in that respect there is in the complaint in the case at bar the specific allega-

tion that "said pier and platform was a public building and was a structure used in whole or in part as a place of resort and assemblage for occupancy and use by the public."

Likewise there are not in point or applicable herein the decisions in the *Grinde Case, supra,* and the *Padley Case, supra.* In the *Grinde Case, supra,* the plaintiff,—a four-year-old child, —was injured by catching her hands in a defective slide in a city park, which had been removed for repairs, and was not being maintained for use as a slide at the time plaintiff was injured.    Under these circumstances it was not a "public building" within the meaning of the safe-place statute.    In the *Padley Case, supra,* a pedestrian sued to recover damages under the safe-place statute for injury sustained upon falling because of an alleged defect in a village street.    The trial court granted judgment on the theory that the safe-place statute was applicable in the case of a pedestrian injured because of such defect.    In reversing the judgment we said, "actions brought to recover for injuries to travelers due to defects are controlled by sec. 81.15, Stats."    (p. 663.)    *Waldman v. Young Men's Christian Asso.* 227 Wis. 43, 277 N. W. 632, cited by appellant is likewise not in point.    A springboard in an indoor swimming pool was out of repair and therefore was removed. Some persons using the pool had temporarily used a loosely fitting plank as a diving board, but as it was not proven that this instrumentality was being maintained by defendant for the use of the public at the time of the injury, there was no liability on its part.

However, in the case at bar, under and in view of the above-stated allegations in the complaint as to the nature and manner of construction and the defendant's intended and actual purposes and uses of the pier and platform as a place of resort, assemblage, occupancy and use by the public, it was clearly a "structure" and "public building" under the safe-place statute, within the meaning of those terms therein, as construed and applied in *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290.

Defendant further contends that the court was required to judicially notice that the wetting which would occur to such a wooden pier and platform erected at an elevation one foot above the shore line of a lake in this climate would be made wet only by water dripping from bathers and from rain and other storms, and that after such wetting occurred, the boards would dry out again from the wind and sun so that any wetness or slipperiness resulting therefrom would be a temporary condition not structural in character; and that because the wetness or slipperiness would be a temporary condition and not structural in character there is not applicable the safe-place-statute requirement that every owner of a public building must maintain such place, as well as construct and repair it, "so as to render the same safe;" and that therefore there is applicable thereto the rule that a mere temporary slippery condition of a walking surface does not constitute a violation of the safe-place statute. *Kezar v. Northern States Power Co.* 246 Wis. 19, 16 N. W. (2d) 364; *Bersch v. Holton Street State Bank,* 247 Wis. 261, 19 N. W. (2d) 175; *Shumway v. Milwaukee Athletic Club,* 247 Wis. 393, 20 N. W. (2d) 123, are cited in support of defendant's contention.

The contention cannot be sustained. As the trial court rightly stated:

"This court is not entitled to conjecture that water soaking may dry up in a few hours—hence, is purely temporary; nor can we inject into the complaint a thought which is not there, namely, that bathers dripped on the pier—a very temporary thing. These are possible jury questions, if and when the evidence has been heard."

On the contrary, by defendant's demurrer there are deemed to be admitted and true the allegations in the complaint that defendant failed to so construct, repair, and maintain the pier and platform as to render it as free from danger to the safety of frequenters and the public as the nature thereof would reasonably permit, in that defendant failed to treat the boards therein with paint or other similar treatment so as to prevent

same from becoming water soaked and slippery, and likewise failed to provide the surface of the platform with matting of rubber, fiber, or other similar covering to prevent the same from becoming slippery. In view of the ultimate facts thus alleged, which are deemed to be true in passing upon defendant's demurrer, the trial court rightly ordered the demurrer overruled.

*By the Court.*—Order affirmed.