WOLFE, Plaintiff, v. OLIVER CONSTRUCTION COMPANY, Defendant and Appellant: KUTSCHENREUTER EXCAVATING & GRADING CORPORATION, Defendant and Respondent.

*March 8—April 3, 1962.*

For the appellant there were briefs by *Lowry, Hunter & Tikalsky* of Waukesha, and oral argument by *Donald J. Tikalsky*.

For the respondent there was a brief by *Kivett & Kasdorf*, attorneys, and *Nonald J. Lewis* and *James G. Forester* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis* and *Mr. Forester*.

BROADFOOT, C. J.  Mr. Kutschenreuter, president of the Kutschenreuter Corporation, testified that while he was engaged in the excavating work it was his duty to keep the public sidewalk clean.  He further testified that he did so during the time through September 12th, but there is no testimony that either he or anyone on his behalf did so after the 14th and 15th of September.  Other witnesses testified that there were dirt, pebbles, and stones on the sidewalk for two weeks prior to the time the plaintiff fell.  Oliver contends there was a jury issue as to whether or not Kutschenreuter cleaned the sidewalk.

Mr. Kutschenreuter further testified that he had no obligation to clean the walk after he had completed his work on September 15th.  Although the record does not show a formal acceptance of the work by Oliver, Kutschenreuter never returned to do any further work and presumably its work was completed.  Kutschenreuter states that the general rule is that an independent contractor is relieved from responsibility to persons for injuries suffered by them after he has completed his work and it has been accepted by his principal.  In support of this rule it cites *Delaney v. Supreme Investment Co.* (1947), 251 Wis. 374, 382, 29 N. W. (2d) 754, and also an annotation in 13 A. L. R. (2d) 191.

Oliver contends there are exceptions to this rule, one of which is if the independent contractor creates a nuisance it

remains liable after acceptance of the work. Prior to the close of the case Oliver amended its cross complaint to allege that Kutschenreuter allowed dirt, gravel, and stones to fall on and accumulate upon the public sidewalk, thereby creating a nuisance.

The trial court determined the issue because of the lapse of eight days between the time when Kutschenreuter completed its work and the time of the accident, and stated that because of that lapse of time there was no credible evidence to sustain the finding of negligence as to Kutschenreuter but the jury's answer was based upon speculation or conjecture. Oliver admits that it had a duty to keep the sidewalk clean, and apparently it did nothing to remedy the situation.

We do not agree with Kutschenreuter that the liability of an independent contractor ceases immediately upon acceptance of his work, but a time does arrive when such liability ceases. The exact time cannot be defined but must depend upon the circumstances in each case. Oliver was working upon the premises during all of the time Kutschenreuter was employed there. Its employees had an excavating machine in the excavated area where it was digging for footings and foundation. Mr. Kutschenreuter testified that when he swept the sidewalk the sand and gravel were deposited between the sidewalk and the excavation. There is no indication in the record that Oliver notified Kutschenreuter that it had left the sidewalk in bad condition because of the deposit of sand and gravel thereon with a request that the situation be corrected, and during the eight-day interval there was ample time for Oliver to do so. Mr. Kutschenreuter was back at the premises on September 22d, the day before the accident, but no one asked him as to the condition of the walk at that time.

The jury could reasonably infer that when Kutschenreuter completed its work at the building site on September 15th,

there were places on the sidewalk that were covered with sand and gravel. Stones are a component of gravel. The sidewalk was open for public travel. Kutschenreuter then had a duty to clean the walk, not because of any agreement with Oliver but because of a custom among contractors. Oliver, as general contractor, had a duty to maintain the sidewalk so that it was safe for pedestrian travel. When Oliver saw that Kutschenreuter had failed to clean the walk it should have done one of two things. It could have notified Kutschenreuter immediately and demanded that the sidewalk be cleaned, or by the expenditure of a small amount of time and labor it could have performed its own duty to the public by cleaning the walk. Oliver did nothing but wishes to continue the liability of Kutschenreuter during the period of its own inactivity, regardless of the length of time. It must be remembered that the condition of the sidewalk was open and apparent to Oliver; there was nothing hidden or latent about the situation. In the interval Oliver had accepted the work and responsibility for the condition of the walk.

We also agree with the trial court that, because of the lapse of time, the jury was resorting to speculation and conjecture in finding Kutschenreuter causally negligent.

*By the Court.*—Judgment affirmed.