SAXE OPERATING CORPORATION and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 5, 1928—January 8, 1929.*

*Reginald I. Kenney* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Leviton* and *Frank W. Kuehl,* assistant attorneys general, and oral argument by *Mr. Kuehl.*

For the respondent Westphal there was a brief by *Stephen J. McMahon,* attorney, and *Aschenbrenner & Petersen,* of

counsel, all of Milwaukee, and oral argument by *Mr. Mc-Mahon* and *Mr. Stephen A. Aschenbrenner.*

STEVENS, J. The employee here in question was killed while attempting to enter a passenger elevator after it had started upward, but before the operator had completely closed the landing doors. The plaintiff employer paid the death benefit fixed by the workmen's compensation act. The commission found that death was caused by the failure of the employer to comply with an order of the commission relating to passenger elevators which required that "the landing doors . . . must be closed and locked before the car leaves the landing." The single question presented is whether the commission was warranted in awarding fifteen per cent. increased compensation because of the violation of this order.

The statute required the commission to award this additional compensation "where injury is caused by the failure of the employer to comply with any statute of the state or any lawful order of the industrial commission." Sub. (5) (h) of sec. 102.09, Stats. 1925.

The decision in this case is therefore dependent on the question whether the order quoted above is a lawful order of the Industrial Commission. That in turn is dependent upon the power given the commission by the statutes. The power conferred upon the commission is "to prescribe, modify and enforce such reasonable orders for the adoption of safety devices, safeguards and other means or methods of protection." Sub. (4) of sec. 101.10, Stats. The phrase "other means or methods of protection" must be construed in connection with the words "safety devices" and "safeguards," which, under familiar rules of statutory construction, limit the meaning of this phrase to means and methods of protection which are in the nature of devices and guards. *Northwestern C. & S. Co. v. Industrial Comm.* 194 Wis. 337, 341, 216 N. W. 485. It will also be noted that the

power conferred relates to the *adoption* of devices, safeguards, and other means of protection, and not to the *operation* of the physical plant of the employer.

An examination of all the statutes relating to the powers of the Industrial Commission discloses a legislative intent to confer full and complete power on the commission to prescribe standards for the erection and equipment of physical plants, including plenary power over the entire field of safeguards and safety devices. The legislature gave the commission full power to deal with the plant,—with the inanimate objects that determine whether a place of employment is safe. "In other words, it is the duty of the Industrial Commission to ascertain what safety devices or safeguards will make various places of employment as free from danger as the employment or place of employment may reasonably permit, and to require the installation of such safeguards and safety devices. That is the duty enjoined upon the Industrial Commission, and it marks the extent of its authority." *Bentley Bros. Inc. v. Industrial Comm.* 194 Wis. 610, 614, 217 N. W. 316.

The order here in question does not deal with the erection, construction, or equipment of the physical plant of the elevator, but with the element of negligence or want of ordinary care on the part of the elevator operator in failing to close the landing doors before starting the elevator.

If the commission may subject the employer in this case to the fifteen per cent. penalty by adopting the rule which prohibits this negligent starting of the elevator before the landing doors are closed, it may adopt orders which will cover the entire field of want of ordinary care on the part of employees and thereby subject employers to this penalty in every case where any employee is injured through the negligence of a fellow employee. Such clearly was not the legislative intent. That intent was to subject the employer to the payment of compensation in all cases which came within the statute, regardless of the question of whether the

injury was caused by want of ordinary care on the part of a fellow employee, and to impose this added compensation in the nature of a penalty where the employer has permitted his physical plant to be operated in such condition that it fails to comply with any statute of this state or any lawful order of the Industrial Commission. In the case of a physical plant, the employer is chargeable with notice of the conditions that prevail in the plant which generally remain fixed and unchanging. But he cannot know in advance of the conditions which may be produced by the negligent or inadvertent acts of his employees.

Construing the phrase "other means or methods of protection" as one that is limited by what precedes it, this statute is brought into harmony with the legislative intent to limit the power of the commission in drafting these orders to such as relate to the physical plant, rather than to extend the power to such orders as attempt to control the ever-changing human element involved in the operating of such a device as a passenger elevator.

The court concludes that the award of fifteen per cent. additional compensation must be set aside because the commission did not have the power to make the order here in question, and that therefore this was not a lawful order which warranted the imposition of this penalty.

The award here in question is not warranted by the commission's order number 430, which requires all elevator doors to be equipped with self-locking devices so that they cannot be opened from the outside without a key. There is no proof that the elevator was not so equipped. If it was so equipped, the doors could not be locked until they were closed. The injury was caused by the negligence of the operator in failing to close the doors before he started the elevator.

*By the Court.*—Judgment reversed, with directions to vacate the award.