AMBROSE, Appellant, vs. REICHENBACH, Sheriff, Respondent.

*January 10—February 4, 1930.*

*Douglas J. Mangan* of Milwaukee, for the appellant.

For the respondent there was a brief by *George A. Bowman,* district attorney of Milwaukee county, *A. J. Beyer,* deputy district attorney, and *Louis S. Wiener,* assistant district attorney, and oral argument by *Mr. Beyer.*

Rosenberry, C. J. The contention of counsel here is that because sec. 351.41, Stats., which defines the offense of taking improper liberties with the person of a minor, does not declare the offense to be a felony, the petitioner cannot be prosecuted under sec. 340.52 for an attempt to commit an offense.

The statutes involved are the following:

"Section 340.52 *Attempt or advising.* Any person who shall advise the commission of or attempt to commit any felony as defined in section 353.31, that shall fail in being committed, the punishment for which such advice or attempt is not otherwise prescribed in these statutes, shall be imprisoned in the state prison not more than three years nor less than one year, or by fine not exceeding one thousand dollars, nor less than one hundred dollars.

"Section 351.41 *Improper liberties.* Any person who shall indecently assault and take improper liberties with the privates of any minor by the use of the hand, or who shall voluntarily permit the use of his own privates in such manner by any minor, shall be punished by imprisonment in the county jail not less than thirty days nor more than six months, or by imprisonment in the state prison not exceeding two years.

"Section 353.31 *Felony*. The term 'felony,' when used in any statute, shall be construed to mean an offense for which the offender, on conviction, shall be liable by law to be punished by imprisonment in a state prison."

It is not necessary for us to consider the effect of sec. 353.31 in relation to any other matter than that presented by the record in this case. If we substitute in sec. 340.52 the provisions of sec. 353.31 which are imported into it, we have the following:

"Any person who shall advise the commission of or attempt to commit an offense for which the offender, on conviction, shall be liable by law to be punished by imprisonment in a state prison, that shall fail in being committed, the punishment for which such advice or attempt is not otherwise prescribed in these statutes, shall be imprisoned," etc.

We are unable to perceive how a substantial argument can be made that this is not the meaning of sec. 340.52. The offense of taking improper liberties with the person of a minor is defined by sec. 351.41; being one for which the offender is liable to be punished by imprisonment in the state prison, the petitioner in this case was properly charged and the trial court was not in error in overruling the demurrer to the return.

*By the Court.*—Order affirmed.