KIRCHOFF, Respondent, vs. CITY OF JANESVILLE, Appellant.

*June 7—July 12, 1949.*

204

For the appellant there was a brief by *Robert J. Cunningham*, attorney, and *Dougherty, Grubb, Ryan & Moss* of counsel, and oral argument by *John C. Wickhem,* all of Janesville.

For the respondent there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Jacob Geffs* and *Eli Block.*

ROSENBERRY, C. J.    The trial court overruled the demurrer on the ground,—

"That cities and school districts, as owners and operators of public buildings, which includes a school building, should be subject to the safe-place statute regardless of whether at the time of the accident they were acting in a proprietary or governmental capacity, and that a city or school district may be liable to a frequenter who is injured in one of their buildings, when such injury is proximately caused by a lack of safety, as defined by law, in either unsafe construction or unsafe maintenance."    See *Heiden v. Milwaukee* (1937), 226 Wis. 92, 275 N. W. 922.

The injuries complained of in the *Heiden Case* were sustained by the plaintiff as result of her falling down certain steps in the basement corridor of a school building owned by the city of Milwaukee.    The building was alleged to be unsafe because it was not properly lighted at the point where the injury was sustained.    The plaintiff had gone to the building for the purpose of attending school exercises.

In this case it is clear that the injuries complained of by the plaintiff were not due to any unsafe condition in the school building. The defect complained of in this case is a defect in a machine in a building. Therefore unless the plaintiff was injured in a place of employment the statute has no application.

A place of employment is defined by sec. 101.01 (1), Stats., as follows:

"The phrase 'place of employment' shall mean and include every place, whether indoors or out or underground and the premises appurtenant thereto where either temporarily or permanently any industry, trade or business is carried on, or where any process or operation, directly or indirectly related to any industry, trade or business, is carried on, and where any person is, directly or indirectly, employed by another for direct or indirect gain or profit. . . ." (Exceptions not material.)

The term "frequenter" is defined by sec. 101.01 (5), Stats., as follows:

"The term 'frequenter' shall mean and include every person, other than an employee, who may go in or be in a place of employment or public building under circumstances which render him other than a trespasser."

It is the contention of the plaintiff that he was a frequenter in a place of employment.

It is also clear from the provisions of the statute that unless the defendant was an employer the plaintiff was not an employee and the place where he was injured was not a place of employment.

If the contention of the plaintiff is sound then every schoolroom is a place of employment and every pupil is a frequenter, and the city or state maintaining the school, although acting in a governmental capacity, is liable for injuries sustained while in the course of receiving instruction. There is nothing in the safe-place statute which indicates that the legislature in-

tended any such result. A person receiving instruction in a public school, whether the person be a minor or an adult, is not an employee and the place where he receives instruction is not a place of employment.

The plaintiff seeks to sustain his position by reference to the work entitled "What is Vocational Education?" by George E. Fern. We find nothing in the reference made to this work nor in the cases which support the plaintiff's contention, that the place where the plaintiff was receiving instruction in the vocational school was a place of employment.

The fact that as an incidence to carrying on the work of the vocational school some of the material upon which students work is salable and is sold has no bearing upon the question before us. The authorities cited by the plaintiff indicate that the purpose of the vocational school is not the production of marketable goods but is for the purpose of enabling the persons who attend to increase their ability and efficiency as workmen, not in the school but in places where they may thereafter be employed. The production of salable articles is merely a necessary result of giving vocational instruction. The place where it is given is not a place where an "industry, trade, or business is carried on," and hence is not a "place of employment." *Cegelski v. Green Bay* (1939), 231 Wis. 89, 285 N. W. 343.

It is not necessary to cite authority to support the proposition that the defendant was engaged in the discharge of a governmental function and therefore not liable for the negligence of its employees engaged in the discharge of that function.

*By the Court.*—The order appealed from is reversed and cause remanded for further proceedings according to law.