L. G. ARNOLD, INC., Respondent, vs. INDUSTRIAL COMMIS-
SION and others, Appellants. [Two cases.]

*September 10—October 5, 1954.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the appellants other than the Industrial Commission, there was oral argument by *Willis E. Donley* of Menomonie.

For the respondent there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

MARTIN, J. It is contended that since, under Order No. 3537, the boom of the crane was not permitted to extend nearer to the power wires than about 15.9 feet, a violation of that order occurred when it came in contact with the wires.

Order No. 3537 does not apply to the crane under the circumstances existing here. This crane was using the public street for transporting material from the north end of the property where construction was complete to the south end where no construction had been commenced. The accident occurred while the truck crane was stopped on the west side of the highway at a point—from the estimates given in the testimony—not closer than 37 feet to the power lines. In unloading the beams on the west side of the highway, as the operators were directed to do, the boom would not come closer than 37 feet. There was no violation of the order up to that point. The accident occurred when the operator swung the boom to the east instead of to the west. If the crane had been located at the place of the accident and made accessory equipment to a structure in progress of construction, the order would be applicable and in such a case it would also be capable of grounding, as required under the second section of the order. If, in the course of such use, the crane would come within the proscribed distance from the wires, then any order regarding a safety device, safeguard, or other means or methods needed for making the operation safe, would come into play.

In this case, however, the commission attempts to apply its order to an act of negligent operation. In *Saxe Operating Corp. v. Industrial Comm.* (1929), 197 Wis. 552, 222 N. W. 781, where the commission attempted to penalize by its order the negligent operation of an elevator and it was held that the commission did not have the power to make the order in question, this court said (pp. 554, 555):

"The order here in question does not deal with the erection, construction, or equipment of the physical plant of the elevator, but with the element of negligence or want of ordinary care on the part of the elevator operator in failing to close the landing doors before starting the elevator. . . . In the case of a physical plant, the employer is chargeable with notice of the conditions that prevail in the plant which generally remain fixed and unchanging. But he cannot know in advance of the conditions which may be produced by the negligent or inadvertent acts of his employees."

Here there was nothing about the crane or its operation in transporting the beams down the street that gave the employer warning that the operator would negligently swing the boom to the right instead of to the left.

In the *Saxe Case* the court went on to say (p. 555) :

". . . the legislative intent [is] to limit the power of the commission in drafting these orders to such as relate to the physical plant, rather than to extend the power to such orders as attempt to control the ever-changing human element involved in the operating of such a device as a passenger elevator."

It is also contended that respondent violated sec. 101.06, Stats. 1945, requiring the employer to furnish employment which shall be safe and to furnish a place of employment which shall be safe for employees.

In *Deaton v. Unit Crane & Shovel Corp.* (1953), 265 Wis. 349, 61 N. W. (2d) 552, where the trial court had submitted a question relating to the negligence of defendant's crane operator under sec. 101.06, Stats., this court held the submission of defendant's negligence on the theory of possible violation of that section to constitute prejudicial error, saying (p. 352) :

"As applied to a 'place of employment' such statute has reference to an unsafe condition rather than to an act in the

process of taking place. . . .. The alleged acts of defendant's crane operator as to the manner of lowering or dropping the bucket of the power shovel, and failing to warn plaintiff before so dropping the bucket, relate to acts of operation as distinguished from the condition of the machine. The safe-place statute has no application to such acts of operation, . . ."

The same is true here.

In view of our holding on the questions discussed above, it is unnecessary to consider the other points presented. The trial court properly set aside the findings and orders of the commission.

*By the Court.*—Judgments affirmed.