NIEDFELT, by Guardian *ad litem,* and another, Appellants, v. JOINT SCHOOL DISTRICT No. 1 OF CITY OF VIROQUA, etc., Respondent.

*April 1—April 28, 1964.*

For the appellants there was a brief by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *William P. Skemp*.

For the respondent there was a brief by *Schlintz & Gulbrandsen* of Viroqua, and *Johns, Pappas & Flaherty* of La Crosse, and oral argument by *Daniel T. Flaherty*.

GORDON, J.  The trial court sustained the demurrer to the complaint.  There are three separate theories upon which the appellants seek to have the order reversed, and they will be discussed seriatim.

## 1. *An Extension of Holytz v. Milwaukee.*

Since the accident in question occurred before July 15, 1962, the defense of sovereign immunity as it existed before *Holytz v. Milwaukee* (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618, is available to the defendants. In the trial court it was claimed that the defendants could be held liable for having maintained a nuisance. However, this theory of recovery is unavailing to Clair Niedfelt because, as a pupil in a public school, there was a relationship of governor to governed between the pupil and the School District which was providing instruction. The School District acted in a governmental capacity and not in a proprietary capacity. *Wohlleben v. Park Falls,* ante, p. 362, 127 N. W. (2d) 35; *Sullivan v. School District* (1923), 179 Wis. 502, 503, 191 N. W. 1020.

Although governmental immunity was abrogated prospectively in the *Holytz Case,* immunity was also removed as to the child who was the actual plaintiff in the *Holytz Case.* Because the injury to the instant plaintiff occurred after the injury to the Holytz child and because the accident in the instant case occurred only five months before our decision in the *Holytz Case,* it is urged that "equal justice" requires that Clair Niedfelt be afforded a right of recovery.

"This Court, unlike the House of Lords, has . . . rejected a doctrine of disability at self-correction." This comment by Mr. Justice FRANKFURTER with reference to the supreme court of the United States in *Helvering v. Hallock* (1940), 309 U. S. 106, 121, 60 Sup. Ct. 444, 84 L. Ed. 604, would undoubtedly apply with equal force to the supreme court of Wisconsin. However, we do not believe that the change proposed by the appellants herein would be a desirable one. In deciding the *Holytz Case,* we fully recognized that in abolishing governmental immunity prospectively we would necessarily exclude a number of claims which would arise before July 15, 1962. We adhere to that determination.

## 2. *An Extension of Marshall v. Green Bay.*

With reference to a municipality that had taken out liability insurance containing an express agreement which barred the insurer from raising the defense of governmental immunity, this court held in *Marshall v. Green Bay* (1963), 18 Wis. (2d) 496, 118 N. W. (2d) 715, that the defense of governmental immunity was waived. In the instant case, the amended complaint included an allegation that the defendant carried a comprehensive liability insurance policy, but there is no allegation that the policy required the carrier to forgo the defense of governmental immunity.

The mere presence of liability insurance does not constitute a waiver of the defense of governmental immunity, as the *Marshall Case,* at page 502, clearly asserted. We conclude that an extension of the holding in the *Marshall Case,* as urged by the appellants, would be unwise.

### 3. *Safe-Place Statute.*

The appellants have attempted to bring the claim of Clair Niedfelt under the provisions of the safe-place statute notwithstanding the admitted presence of several substantial barriers.

The first obstacle is a previous holding of this court that a pupil at a public school does not qualify as a frequenter. *Sullivan v. School District* (1923), 179 Wis. 502, 507, 191 N. W. 1020. The appellants recognize the hurdle of the *Sullivan Case* and attempt to surmount it by pointing out that sec. 101.01 (3) and (13), Stats., which defines an employer and an owner, was amended by the legislature after the *Sullivan Case.* Ch. 161, Laws of 1931. The amendment included a school district within the statutory definitions of an employer and an owner.

However, the legislature's amendment does not purport to modify the judicial determination that a pupil is beyond the

definition of a frequenter. It was noted in the *Sullivan Case* that a school district was not an owner, but this was only one of the reasons for the rejection of the claim in that case. It is our opinion that the amendment of the statute did not serve to alter the ruling of the *Sullivan Case* that a pupil at a public school is not a frequenter.

On two occasions *after* the amendment of 1931, this court has noted that a schoolchild is not a frequenter in a school building. In *Heiden v. Milwaukee* (1937), 226 Wis. 92, 100, 275 N. W. 922, we quoted the *Sullivan Case* and then added: "The conclusion reached by the court at the time it decided that case [1923] was that a pupil attending a school is not a frequenter." There is nothing in the *Heiden Case* which retreats from the full impact of that determination. Again, in *Kirchoff v. Janesville* (1949), 255 Wis. 202, 206, 38 N. W. (2d) 698, the court said:

"If the contention of the plaintiff is sound then every schoolroom is a place of employment and every pupil is a frequenter, and the city or state maintaining the school, although acting in a governmental capacity, is liable for injuries sustained while in the course of receiving instruction. There is nothing in the safe-place statute which indicates that the legislature intended any such result."

Notwithstanding the *Sullivan Case* and the two cases which thereafter recognized its holding, the legislature has not, as yet, seen fit to revise the statute in this regard. While one may doubt the desirability of the interpretation reached in the *Sullivan Case,* we prefer to leave any revision of the status of a schoolchild in this regard to the legislature.

If the legislature were to amend sec. 101.01 (5), Stats., so as to permit a pupil to be included within the definition of a frequenter (and thereby change the ruling of the *Sullivan Case*), it would at least permit recovery by a schoolchild who might be injured as a result of a structural defect in a school building. However, even such a legislative amelioration of

the statute would not permit recovery to the instant plaintiff, since the defect here is nonstructural.

A school building is a public building, but, as an owner, a school district is liable under sec. 101.06, Stats., only for structural defects and unsafe conditions associated with the structure. *Watry v. Carmelite Sisters* (1957), 274 Wis. 415, 419, 80 N. W. (2d) 397; *Williams v. International Oil Co.* (1954), 267 Wis. 227, 229, 64 N. W. (2d) 817; *Waldman v. Young Men's Christian Asso.* (1938), 227 Wis. 43, 47, 277 N. W. 632. In our opinion, the failure to equip the saw with proper safety devices and safety guards cannot be called either a structural defect or an unsafe condition associated with the structure. We reject the dictum to the contrary which is found in *Northwestern Casualty & Surety Co. v. Industrial Comm.* (1927), 194 Wis. 337, 340, 216 N. W. 485.

Another major hurdle to the allowance of recovery to this plaintiff under the safe-place statute is the holding in the case of *Kirchoff v. Janesville* (1949), 255 Wis. 202, 38 N. W. (2d) 698. There this court determined that a student who was injured while operating a planer in a woodworking class could not recover because the school was not a "place of employment." The definition of "place of employment" in sec. 101.01 (1), Stats., includes a requirement that the place be one "where any person is, directly or indirectly, employed by another for direct or indirect gain or profit." The absence of this profit element foreclosed the school from being a place of employment, and this ruling is fully applicable to the case at bar.

The appellants recognize the impediment to their claim that is implicit in the *Kirchoff Case* and urge that we overrule it. The appellants contend that a schoolhouse is a public building and that the School District is an employer having control of employment.

There is simply no support for the appellants' effort to have us apply the "safe employment" portion of sec. 101.06, Stats., to afford relief to the instant plaintiff. The extension of "safe employment" to a schoolboy who is injured in a public school is wholly without either statutory or case-law backing. It reminds the writer of the delightful argument attributed to the ingenious Rufus Choate:

"I will look, your Honor, and endeavor to find a precedent, if you require it; though it would seem to be a pity that the Court should lose the honor of being the first to establish so just a rule."

—1 Brown, Works of Choate (1862), 292.

The distinction between the employer's duty to maintain a safe "place of employment" and his duty to supply "safe employment" is discussed in *Miller v. Paine Lumber Co.* (1929), 202 Wis. 77, 90, 227 N. W. 933, 229 N. W. 35, 230 N. W. 702, where this court said: "It is apparent that 'safe employment' is broader in scope than a safe 'place of employment.' " However, the employer's duty is to supply his *employees* with both a safe place of employment and with safe employment. *Baldwin v. St. Peter's Congregation* (1953), 264 Wis. 626, 60 N. W. (2d) 349. The duty to furnish safe employment does not extend to frequenters. This is implicit in the language of sec. 101.06, Stats., which provides:

"Every employer shall furnish employment which shall be safe for the employes therein and shall furnish a place of employment which shall be safe for employes therein and for frequenters thereof . . ."

We conclude that the safe-place statute is unavailing to Clair Niedfelt because he was not a frequenter under the *Sullivan Case*. Even if he were held to be a frequenter, he was not entitled to recover since this was not a place of

employment under the *Kirchoff Case,* nor was the defendant liable as an owner, since the defects were not structural in nature. Finally, there can be no liability for the failure to provide "safe employment" because the plaintiff was not an employee.

*By the Court.*—Order affirmed.