HAERTER, Respondent, v. CITY OF WEST ALLIS, Appellant.

*March 31—April 28, 1964.*

568

For the appellant the cause was submitted on the brief of *George D. Young* of Milwaukee.

For the respondent there was a brief by *Tilg & Koch,* and oral argument by *Robert Vaneska,* all of Milwaukee.

BEILFUSS, J. The gist of defendant's argument is that its motion for involuntary nonsuit on the safe-place cause of action should have been granted because the averages board was not associated with the structure of the gymnasium.

The trial court reasoned that our decisions in *Zimmers v. St. Sebastian's Congregation* (1951), 258 Wis. 496, 46 N. W. (2d) 820, and *Zehren v. F. W. Woolworth Co.* (1960), 11 Wis. (2d) 539, 105 N. W. (2d) 563, support his conclusion that the averages board was associated with the structure. Stress was laid on the nontemporary relationship of the board to the league activity and the fact that the

board was leaning against a wall of the building rather than being held erect.

The *Zehren Case* involved a weighing scale in a store. Since a store is a place of employment under the statute, liability exists for conditions unassociated with the structure. However, unless the Horace Mann gymnasium was a place of employment the defendant can be liable only as an owner of a public building. Since the plaintiff is a frequenter rather than an employee the city cannot be held liable under the portion of the statute requiring that a safe employment be furnished. *Niedfelt v. Joint School Dist.,* post, p. 641, 127 N. W. (2d) 800. As the owner of a public building defendant's liability for maintenance is limited to conditions associated with the structure. *Baldwin v. St. Peter's Congregation* (1953), 264 Wis. 626, 60 N. W. (2d) 349.

The gymnasium is not a place of employment for the reason that the record will not support a conclusion that the activities carried on were sponsored, in whole or in part, by the city because of the profit motive. See *Waldman v. Young Men's Christian Asso.* (1938), 227 Wis. 43, 277 N. W. 632. The existence or nonexistence of an actual profit, of course, is not material.

It will be noticed that this interpretation of the definition of place of employment limits the abrogation of municipal tort immunity in *Holytz v. Milwaukee* (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618. This is not to say that the city would not since the *Holytz Case* be liable on the theory of common-law negligence; it is to say, however, that in the absence of a showing of the profit motive on the part of the city, the city will not be held to the higher standard of care required by the safe-place law.

With regard to the trial court's determination that the board was not a temporary condition, the word "temporary," as used in the public building cases, is one way of stating the conclusion that a condition is not associated with the structure. In this case the board was stored away when not in use.

The fact that the board was leaning against the wall is not sufficient to show association with the structure. This case is much closer to *Waldman v. Young Men's Christian Asso., supra,* in which a swimming-pool diving board was removed for repair and a loose plank was inserted into the brackets designed to hold the board, than it is to the *Zimmers Case* relied on by the trial court. The condition in the *Waldman Case* was held unassociated with the structure.

*By the Court.*—Judgment reversed; cause remanded with directions to dismiss the complaint.