**Frederick V. COSTE and Jean Coste, Plaintiffs-Appellants,**

v.

**CITY OF SUPERIOR, Defendant-Appellee.**

**No. 14813.**

United States Court of Appeals Seventh Circuit.

March 22, 1965.

---

Bernard R. Fredrickson, John L. Davis, Harold Witkin, Superior, Wis., for appellants.

Paul L. Witkin, John C. Murphy, City Atty., Superior, Wis., Johnson, Fritschler, Witkin & Johnson, Superior, Wis., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiffs Frederick V. Coste and Jean Coste, brought this diversity action against defendant City of Superior, Wisconsin in the United States District Court for the Western District of Wisconsin. Plaintiffs sought to recover damages for personal injuries alleged to have been caused by the negligence of defendant in operating and maintaining a skiing and tobogganing area in the City of Superior.

The district court granted defendant's motion for summary judgment on the ground of municipal immunity from tort liability and dismissed the complaint. Plaintiffs appealed.

The accident from which the instant action arose occurred on December 29, 1961. Plaintiff Jean Coste, while riding a toboggan down a hill in a recreation area operated and controlled by defendant, sustained an injury.

Defendant had purchased a liability insurance policy covering this operation and such policy was in full force and effect at the time of such accident. The liability insurer was not a party to the action.

Notice of the claim upon which suit was subsequently instituted was first filed with the city clerk of defendant on February 7, 1962, in accordance with applicable Wisconsin statutes.

This claim was presented before the city council[1] at its regular meeting on February 20, 1962. The following is an excerpt from the minutes of such meeting:

"Personal injury claim of Mr. and Mrs. Vernon Coste, Minneapolis, who were injured at the Nemadji Recreation Center, was read.

"Moved by Alderman Paones, seconded by Alderman Hanlon, that the claim be received and referred to the City Attorney. Motion carried by acclamation."

This action of the city council constituted a disallowance of the claim.

Thereafter, a summons and complaint in this action were served on defendant on July 25, 1962.

On August 7, 1962, notice of the suit was presented before the city council resulting in the following action:

"Summons in U. S. District Court was read, Frederick V. Coste and Jean Coste, Minneapolis, Minnesota vs. City of Superior regarding injury to Jean Coste at the Nemadji Hill on December 29, 1961. There being no objections, *the claim was referred to the City Attorney for disposition.*" (Emphasis added.)

The policy of liability insurance in force contained the following clause:

"Waiver of Immunity Endorsement.

"Municipal and Charitable Organizations.

"It is agreed that in any claim or suit for damages covered by the policy, *except by written request of the*

---

1. Properly known as the Common Council of the City of Superior.

*named insured by its duly authorized officer,* the company will not use, either in the adjustment of claims or in the defense of suits against the insured, the immunity of the insured from tort liability." (Emphasis added.)

It appears from the affidavits filed in connection with the motion for summary judgment that after the claim was referred to the city attorney for disposition he consulted with the mayor. The mayor requested the city attorney to advise the insurance carrier that defendant intended to invoke its right of municipal immunity as a defense to the action. On August 17, 1962, the city attorney so advised the insurer. Thereafter, defendant filed an answer to the complaint invoking the defense of governmental immunity from tort liability in this case.

Subsequently, a resolution was presented to the city council on May 5, 1964 [2] proposing to ratify the action taken by the city attorney in requesting the insurance carrier to invoke such defense. The city council referred the matter to its insurance committee and no further action thereon was taken.

Plaintiffs contend that the defense of governmental immunity may be asserted only by authority of the city council and that it did not do so for a variety of reasons. We conclude that the defense was properly raised in this litigation.

When the city council referred the claim "to the City Attorney for disposition" he was thereby authorized to take such appropriate action as would absolve defendant of all liability. By statute [3] the mayor is the chief executive officer of the city and is charged with seeing that all city officers and employees discharge their duties. He directed the city attorney to discharge his duty.

A statute provides that "The attorney shall conduct all the law business in which the city is interested." [4] The pending litigation comes within the purview of this statute.

█ It is asserted that the city attorney and mayor were laboring under a mistake of fact concerning the amount of the insurance coverage in 1962 and that the city council did not ratify the action taken by the city attorney when it failed to act on the proposed resolution referred to its insurance committee. We conclude that each of these contentions is irrelevant and immaterial to the issues before us and is without merit.

█ Plaintiffs next contend that defendant waived governmental immunity by purchasing liability insurance. This argument was laid to rest in Marshall v. City of Green Bay, 18 Wis.2d 496, 502, 118 N.W.2d 715 (1963) and again in Niedfelt v. Joint School Dist., etc., 23 Wis.2d 641, 645, 127 N.W.2d 800, 802 (1964). As the court stated in Niedfelt, 23 Wis.2d at 645, 127 N.W.2d at 802: "The mere presence of liability insurance does not constitute a waiver of the defense of governmental immunity, as the Marshall Case, 18 Wis.2d at page 502, 118 N.W.2d 715, clearly asserted." See Koenig v. Milwaukee Blood Center, Inc., 23 Wis.2d 324, 333–334, 127 N.W.2d 50, 56 (1964).

In Kojis v. Doctors Hospital, 12 Wis.2d 367, 107 N.W.2d 131, 107 N.W.2d 292 (1961), the doctrine of *charitable immunity* was abrogated as a defense to negligent acts of charitable organizations and institutions, prospectively only to all causes of action arising after January 10, 1961.

In Holytz v. City of Milwaukee, 17 Wis.2d 26, 115 N.W.2d 618 (1962), the doctrine of *governmental immunity* from tort liability was abolished, prospectively

2. The motion for summary judgment was first heard by Judge Patrick T. Stone on November 13, 1962. Judge Stone died before determining the matter. Subsequent delay was caused by the resulting vacancy in that court.

3. Wis.Ann.Stat. § 62.09(8) (a).

4. Wis.Ann.Stat. § 62.09(12) (a).

only to torts occurring after July 15, 1962.

Since the occurrence in controversy happened on December 29, 1961, this case is controlled by the prior doctrine of governmental immunity.

Plaintiffs assert defendant waived its defense of governmental immunity because of the specific waiver incorporated by endorsement in the policy of insurance in question. This endorsement is set out earlier herein. They rely on the holding in Marshall v. City of Green Bay, supra, wherein the court held there was a waiver when the insurance policy "provid[ed] the insurer would not raise the defense of governmental immunity." Id. 18 Wis.2d at 501, 118 N.W.2d at 717.

However, Marshall is clearly distinguishable from the case at bar. In Marshall, there was no exception in the above mentioned prohibition. In the instant case, there is an exception applicable "by written request of the named insured by its duly authorized officer."

This distinction was clearly recognized in Koenig v. Milwaukee Blood Center, Inc., supra. There the insurance policy provision in question was identical with the policy provision in the instant case. In Koenig, the court held that "The provisions of this endorsement are likewise within the exception stated in Marshall v. [City of] Green Bay, supra, and charitable immunity was not waived by the purchase of liability insurance." Id. 23 Wis.2d at 335, 127 N.W.2d at 56.

We hold that the purchase of liability insurance in question by defendant does not, as a matter of law, waive governmental immunity from tort liability.

We further hold there were no substantial issues of material fact raised by the pleadings and affidavits on file and that the district court did not err in granting defendant's motion for summary judgment.

The judgment of the district court dismissing plaintiffs' complaint without costs is affirmed.

Affirmed.