MILWAUKEE FORGE, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 425. Argued January 2, 1975.—Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 476.)

430

432

For the appellant there was a brief by *Peck, Brigden, Petajan, Lindner, Honzik & Peck, S. C.,* attorneys, and *Barton M. Peck* and *Albert H. Petajan* of counsel, all of Milwaukee, and oral argument by *Gary A. Marsack* of Milwaukee.

For the respondents the cause was argued by *Lowell E. Nass,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J. The sole issue presented on appeal is whether an employer is subject to the provisions of sec. 102.57, Stats., for violating the safe-place statute where the employee who was injured violated the employer's safety rules.

The circuit court, in its decision of March 26, 1973, concluded that there was sufficient credible evidence to support a finding of a violation of the safe-place statute, sec. 101.06, Stats. 1969 (now sec. 101.11) by the employer, Milwaukee Forge. This decision was not appealed to this court. Therefore, this determination is res judicata. *See: Cathey v. Industrial Comm.* (1964), 25 Wis. 2d 184, 186, 130 N. W. 2d 777.

In a proper case, an award of increased compensation can be based upon a finding of a violation of the safe-place statute without a finding of a violation of any particular safety order. *Eau Claire Electric Co-operative v. Industrial Comm.* (1960), 10 Wis. 2d 209, 217, 102 N. W. 2d 274.

"However, mere violation of the safe-place statute does not sustain an award of 15 percent increased compensation. Applicant must show that the violation was the cause of the accident. *Wm. Esser & Co. v. Industrial Comm.* (1926), 191 Wis. 473, 211 N. W. 150." *Van Sluys v. ILHR Department* (1968), 38 Wis. 2d 419, 424, 157 N. W. 2d 606.

Because it had been established that there was a violation of the safe-place statute for purposes of this case, the question of causation must be determined.

Appellant argues that the "cause" of the injury was Stephan's failure to follow the safety rule against putting hands into the press and not its failure to provide longer tongs. It also argues that it was not the legislature's intent for sec. 102.57, Stats., to apply to a "contributing cause" because if that were the legislature's intent, it would have so stated.

Milwaukee Forge relies primarily on the case of *L. G. Arnold, Inc. v. Industrial Comm.* (1957), 2 Wis. 2d 186, 85 N. W. 2d 821. In that case, a certified blaster was killed when he was hit by a piece of concrete from a pier he

was hired to remove. The industrial commission granted increased compensation because safety orders had been violated in the blasting operation and the equipment needed to comply with the safety orders was available to him, but he did not use it. The court reversed the order of the commission, saying:

"Randerson [the blaster] was in charge of blasting operations. He was the only one who could direct that the available equipment be used. He was advised to use some of it, but he spurned the advice. The barges were equipped with motors and could have been moved to any position on the river.

"The finding by the commission that a shelter, blasting mats, and sufficient wire were not furnished by the employer is not supported by substantial evidence in view of the entire record. In *Wisconsin Bridge & Iron Co. v. Industrial Comm.* 273 Wis. 266, 269, 77 N. W. (2d) 413, this court said:

" 'It is well established that an employer may not be subjected to a penalty where the injury is the result of negligent or inadvertent acts of its employees. *Saxe Operating Corp. v. Industrial Comm.* (1929), 197 Wis. 552, 222 N. W. 781.' " *L. G. Arnold, Inc. v. Industrial Comm., supra,* at p. 191.

We agree with the circuit court's reasoning that you cannot equate the case at bar with the case where the employer furnished adequate safety equipment but the employee in a single instance neglected to use it and was injured or the case where the injury was caused by momentary inadvertence of a coemployee.

The case of *Eau Claire Co-operative v. Industrial Comm., supra,* supports the department's finding in this case. In that case, an employee of the power company was injured while working on a power transmission line. After determining that there had been a violation of the safe-place statute, this court discussed the employee's negligence:

"Plaintiff next argues that Gunnes would not have been injured had he used insulated gloves and installed temporary grounds for his own protection; that instructions of plaintiff and certain safety orders of the commission required him to use one or both of these methods of protection notwithstanding the assumed fact that the line was de-energized. Although the use of these devices by Gunnes probably would have prevented or reduced the injury, and in that sense his failure to use them may have been a contributing cause of his injury; nevertheless, the employer's failure was also a substantial cause of the injury. The statutes nowhere provide that the employer is to be exempted from the increased-compensation penalty provided by sec. 102.57, Stats., if the injury could have been avoided by compliance by the employee with all instructions and orders." (p. 218.)

Applying these rules established in negligence cases, Stephan's negligence in placing his hand into the press would be an intervening force but it would not be a superseding cause.

"In sec. 440, Restatement, Torts 2d, p. 465, a 'superseding cause' is defined as, 'A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.' This definition is in terms of effect. But secs. 442 to 453, inclusive, set forth the rules to be used in determining when an intervening force is not superseding in nature." *Diener v. Heritage Mut. Ins. Co.* (1967), 37 Wis. 2d 411, 418, 155 N. W. 2d 37.

Sec. 447 of the Restatement, 2 *Torts* 2d, provides that a negligent intervening act by a third party is not a superseding cause of harm which the actor's negligent conduct is a substantial factor in bringing about if:

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

We think Stephan's act did not amount to a superseding cause. His attempt to push the forging ahead is a normal response to the employer's failure to furnish adequate tools to do the work. Appellant's failure to provide tongs of sufficient length to push the forgings off the deck was a substantial factor in bringing about Stephan's injury. Had longer tongs been provided, Stephan's hand would not have been under the press. The testimony of other employees indicates that Stephan's act was not the only time that a press operator had reached through the press. Also, the testimony of a foreman shows that he was aware of violations of the safety rule because he stated that when he observed such violations he walked up to the employee and told him about it. Therefore, the failure of the employer to provide longer tongs was a substantial factor in bringing about the injury and Stephan's violation of the safety rule was not a superseding cause.

Applying both secs. 102.57 and 102.58, Stats., to the same case is permissible. These sections apply where the conduct specified "caused" the injury. Under the substantial factor concept of causation there can be more than one cause of the injury. This application of statutes of this nature is favored in 2 Larson, *Workmen's Compensation Law*, sec. 69.20:

"A more equitable solution, which would seem to be perfectly possible legally, would be to let the two failures cancel each other out by simultaneously applying both penalties, and award the regular benefits."

In this state and under the department's order here, the two sections do not really cancel each other out because

the employer's liability for the increased compensation becomes primary and his insurance carrier's liability is only secondary.

This application of the statute is consistent with the legislative purpose for the statutes.

"The legislative objective is plainly to put upon the employer the duty of providing safety appliances of a certain standard and to penalize those who fail to conform. It is hoped that such a penalty will promote compliance with the regulations." *Daniels v. Industrial Comm.* (1942), 241 Wis. 649, 651, 6 N. W. 2d 640.

A similar objective would appear to be accomplished under sec. 102.58, Stats. Both these objectives would be served by imposing the provisions of both statutes where the conduct of both the employer and the employee are substantial factors in bringing about the injury.

We conclude the findings of the department are supported by the evidence and the application of both statutes to this situation is correct.

*By the Court.*—Judgment affirmed.