LEITNER, and others, Plaintiffs-Appellants, v.
MILWAUKEE COUNTY, Defendant-Respondent.

Supreme Court

*No. 77–114. Submitted on briefs January 9, 1980.—*
*Decided February 7, 1980.*
(Also reported in 287 N.W.2d 803.)

For the appellants the cause was submitted on the brief of *William T. Schmid* and *Koelsch, Poulos, Sengstock & Wilkoski, S.C.,* of West Allis.

For the respondent the cause was submitted on the brief of *Robert P. Russell,* corporation counsel, and *Robert G. Ott,* assistant corporation counsel.

*PER CURIAM.* This is an appeal from an order which dismissed one of two claims in a complaint for wrong-

ful death. A motion to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted was sustained as to the first claim in the complaint which was based on an alleged violation of the safe place statute. The plaintiffs are the children and wife of Robert E. Leitner, a guard at the Milwaukee County Zoo, who was killed during a burglary at the zoo offices on June 1, 1976. Leitner was employed by Wisconsin Industrial Police, Inc., which provided guard service for the zoo under a contract with the County Park Commission.

The plaintiffs commenced this action asserting, among other things, that the county had failed to furnish a safe place of employment for Leitner and had failed to adopt and use methods and processes reasonably adequate to render his employment safe. The complaint alleged that the defendant was an employer within the definition of that term found in sec. 101.01(2) (c), Stats.; that the zoo was a place of employment, as defined by sec. 101.01 (2) (a) ; that the deceased was an employee, as defined by sec. 101.01(2) (d) ; and that the county as an employer owed a duty to the deceased under sec. 101.11.

Specifically, the complaint alleged that the county failed in its duty to the deceased to provide safe employment and a safe place of employment in the following respects: [by]

(a) Keeping large sums of money on the premises of the zoo, especially over a holiday weekend, without timely depositing such money;

(b) Providing an inadequate number of persons for the security of the premises;

(c) Failing to notify Leitner of the danger of physical harm to his person;

(d) Failing to provide Leitner with adequate means to protect himself against physical harm.

After the complaint was filed, the county moved to dismiss on the grounds that the complaint failed to state

a claim upon which relief could be granted. The trial court granted the county's motion to dismiss and made the following statement:

"I am satisfied that the safe place statute is not applicable to this case; that there is no establishment that the employment is for the purpose of profit or gain, and that, therefore, no cause of action can be stated against Milwaukee county under the safe place statute, and the first cause of action is accordingly dismissed."

The plaintiffs now appeal to this court stating the issue on appeal to be:

"Can a cause of action be stated against a county under the safe place statute for the death of an employee of the county's contractor in the absence of an allegation that the employment was for the purpose of profit or gain to the county?"

Although we disagree with the reason given by the trial court for dismissing the complaint, we do agree with the result under the circumstances of this case. Accordingly, we affirm.

The safe place statute, sec. 101.11, Stats., places a duty on every employer to furnish safe employment for employees. It also requires the employer to furnish a safe place of employment for employees and frequenters and imposes requirements with respect to the safety of methods and processes.

The trial court dismissed the complaint in this case on the ground there was nothing to indicate that Leitner's employment was for the purpose of "profit or gain" and therefore the zoo was not a place of employment and Leitner not an employee, as those terms are defined in sec. 101.01, Stats. A place of employment is defined in sec. 101.01 (2) (a), as follows:

" 'Place of employment' includes every place, whether indoors or out or underground and the premises appurtenant thereto where either temporarily or permanently

any industry, trade or business is carried on, or where any process or operation, directly or indirectly related to any industry, trade or business, is carried on, and where any person is, directly or indirectly, employed by another for direct or indirect gain or profit, . . ."

A similar requirement of direct or indirect profit or gain is attached to the definition of employee in sec. 101.01(2)(d), Stats.

On appeal, the plaintiffs argue that the trial court was wrong in concluding the zoo was not a place of employment. The plaintiffs argue that Leitner was employed by Wisconsin Industrial Police, Inc., at the zoo, and the fact that his employment provided no gain or profit for the county is of no significance because it did provide a gain or profit for Wisconsin Industrial Police. Thus, the plaintiffs contend, since his direct employer was under contract with the county and in business to provide a continuing guard service for the zoo, the zoo was a place of employment within the meaning of the safe place statute.

■ The plaintiffs' statutory arguments are persuasive. The zoo was a place of employment because Leitner was employed there and his employer, Wisconsin Industrial Police, Inc., was in business for profit or gain. The statute does not define place of employment in terms of who owns the premises. The county might own the zoo, but Leitner was employed there by Wisconsin Industrial Police, Inc. Therefore, the zoo was a place of employment within the definition of sec. 101.01(2)(a), Stats.

■ Moreover, because this case arises at the pleading stage on a motion to dismiss, the trial court should not have granted the motion on the basis that ". . . there is no *establishment* that the employment is for the purpose of profit or gain. . . ." The complaint asserts that the zoo was a place of employment. The trial court rejected

this, but in so doing, assumed a fact not in the record, to-wit, that the county did not operate the zoo for profit or gain. While this may in fact be true, the plaintiff was not required at the pleading stage to prove that the zoo was operated for profit or gain.

In *Haerter v. West Allis*, 23 Wis.2d 567, 127 N.W.2d 768 (1964), the plaintiff brought an action against the city under the safe place statute for injuries the plaintiff sustained during a dart ball game held in the gymnasium of the city high school. The jury returned a verdict in favor of the plaintiff. On appeal, the judgment was reversed for, among other things, the reason that the gymnasium was not a place of employment. This court at page 570 stated:

"The gymnasium is not a place of employment for the reason that *the record will not support* a conclusion that the activities carried on were sponsored in whole or in part, by the city because of the profit motive. *See Waldman v. Young Men's Christian Asso.* (1938), 227 Wis. 43, 277 N.W. 632. The existence or nonexistence of an actual profit, of course, is not material." (Emphasis added.)

This holding clearly implies that the question of whether a city or county is liable under the safe place statute for providing an unsafe place of employment depends upon the facts produced at trial. Because the premises are owned by a county does not, *ipso facto,* mean that they are not a place of employment. A county can, and often does, engage in activities to make a profit. The determination of whether the profit motive is present or absent cannot be made at the motion to dismiss or demurrer stage, especially when the complaint specifically alleges the premises were in place of employment.

The question before the trial court on the motion to dismiss was whether the complaint stated a claim upon which relief could be granted. This court has recently

discussed the test to be applied when such question is raised:

"For the purpose of testing whether a claim has been stated pursuant to a motion to dismiss under sec. 802.06 (2) (f), Stats., the facts pleaded must be taken as admitted. *Anderson v. Continental Insurance Co.*, 85 Wis. 2d 675, 683, 271 N.W.2d 368 (1978). The purpose of the complaint is to give notice of the nature of the claim; and therefore, it is not necessary for the plaintiff to set out in the complaint all the facts which must eventually be proved to recover. *Id.* at 683–84. The purpose of a motion to dismiss for failure to state a claim is the same as the purpose of the old demurrer—to test the legal sufficiency of the claim. *Hartridge v. State Farm Mutual Automobile Ins. Co.*, 86 Wis.2d 1, 4–5, 271 N.W.2d 598 (1978) ; *Anderson, supra,* at 683. Because the pleadings are to be liberally construed, a claim should be dismissed as legally insufficient only if 'it is quite clear that under no conditions can the plaintiff recover.' Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure,* Chapters 801–803, 59 Marq. L. Rev. 1, 54 (1976). The facts pleaded and all reasonable inferences from the pleadings must be taken as true, but legal conclusions and unreasonable inferences need not be accepted. *Hartridge, supra,* at 4–5.

"Sec. 802.06(2) (f), Stats., on which the motions to dismiss were based, is similar to Rule 12(b) (6) of the Federal Rules of Civil Procedure. A claim should not be dismissed under the Wisconsin rule or the federal rule unless it appears to a certainty that no relief can be granted under any set of facts that plaintiff can prove in support of his allegations. *See,* Wright and Miller, 5 *Federal Practice and Procedure,* sec. 1215, p. 113; *Conley v. Gibson,* 355 U.S. 41, 47–8 (1957)."

*Morgan v. Pennsylvania General Insurance Co.,* 87 Wis. 2d 723, 731–32, 275 N.W.2d 660 (1979). *See also: Wilson v. Continental Insurance Cos.,* 87 Wis.2d 310, 316–18, 274 N.W.2d 679 (1979).

We conclude that even though there is merit to the plaintiffs' argument that the zoo was a place of employment within the meaning of the safe place statute, never-

theless, the trial court's order granting the motion to dismiss should be affirmed.

The complaint does not state a claim upon which relief can be granted, not because the zoo is not a place of employment, but rather because none of the allegations made in the complaint relate to a safe place of employment. As regards the zoo (or county), Leitner was a frequenter rather than an employee. The term frequenter is defined in sec. 101.01(2)(e), Stats., as "every person other than an employee, who may go in or be in a place of employment or public building under circumstances which render such person other than a trespasser." Leitner was not a trespasser since he was an employee of the corporation which was under contract with the county to provide guard service at the zoo. As to Leitner, therefore, the county's duty was not to provide safe employment but rather a safe place of employment for him as a frequenter.

The distinction between the employer's duty to maintain a safe "place of employment" and his duty to supply "safe employment" is discussed in *Miller v. Paine Lumber Company*, 202 Wis. 77, 90, 227 N.W. 933, 229 N.W. 35, 230 N.W. 702 (1929), where this court said:

"It is apparent that 'safe employment' is broader in scope than a safe 'place of employment.' . . ."

It is the employer's duty to supply his *employees* with both a safe place of employment and with safe employment. *Baldwin v. St. Peter's Congregation*, 264 Wis. 626, 60 N.W.2d 349 (1953). However, the duty to furnish safe employment does not extend to frequenters. *Niedfelt v. Joint School Dist.*, 23 Wis.2d 641, 648, 127 N.W. 2d 800 (1964).

Leitner was not the county's employee but rather the employee of the Wisconsin Industrial Police, Inc. He was

properly on the premises of the zoo at the time of his death, but was there as a frequenter. The county therefore only owed him the duty to provide a safe place of employment. Nothing in the complaint alleges that this duty was in any way breached. None of the four specific allegations made by the plaintiff relate to the safety of the *place* of Leitner's employment. The allegations all relate to conditions of his employment as a guard. It was up to Leitner's employer, Wisconsin Industrial Police, Inc., to furnish an employment as safe as its nature would reasonably permit, while on the other hand, it was up to the county to provide a safe place of employment.

The allegation that large sums of money were kept on the zoo premises does not amount to a violation of the safe place statute because if this is in fact an unsafe condition, it is not associated with the place at all. Any unreasonable danger arises from the activities (burglary), which took place on the premises. Any unsafe conditions relate to Leitner's employment as a guard and not to the place were he was employed. The statutory duty to furnish safe employment (unlike the duty to furnish a safe place of employment) runs only to employees but not to frequenters such as Leitner. *See Rogers v. Oconomowoc,* 24 Wis.2d 308, 128 N.W.2d 640 (1964).

In the recent case of *Stefanovich v. Iowa National Mutual Ins. Co.,* 86 Wis.2d 161, 271 N.W.2d 867 (1978), the court was confronted with a similar situation. In that case, the plaintiff drove his employer's truck to the defendant's loading dock to pick up some steel rings manufactured by the defendant. The plaintiff was injured when one of the rings being loaded on the truck by the defendant's crane operator shifted as the plaintiff was on the truck assisting on the loading operation. The plaintiff then commenced an action alleging a safe

place violation. The trial court denied the defendant's motion to dismiss, concluding the manner in which the crane operator stacked the steel rings on the truck constituted a dangerous condition existing in a place of employment. On appeal, this court reversed and held that the complaint failed to state a claim upon which relief could be granted. This court, at p. 166 stated:

"The Wisconsin safe-place statute provides that it is an employer's duty to provide safe employment, premises and equipment for the protection of his employees and frequenters. This court has held that the safe-place statute does not make the employer an insurer of the safety of a frequenter on the premises. Rather, the statute deals with unsafe *conditions* of the employer's premises and not with negligent or inadvertent *acts* of employees or *activities* conducted on the premises. *Deaton v. Unit Crane & Shovel Corp.*, 265 Wis. 349, 352–353, 61 N.W.2d 552 (1953); *L. G. Arnold, Inc. v. Industrial Comm.*, 267 Wis. 521, 525–526, 66 N.W.2d 176 (1954); *Gilson v. Drees Brothers*, 19 Wis.2d 252, 257, 120 N.W.2d 63 (1963); *Gross v. Denow*, 61 Wis.2d 40, 47, 212 N.W.2d 2 (1973); *Korenak v. Curative Workshop Adult Rehabil. Ctr.*, 71 Wis.2d 77, 84, 237 N.W.2d 43 (1976); *Barth v. Downey Co., Inc.*, 71 Wis.2d 775, 779–780, 239 N.W.2d 92 (1976)."

In the instant case, the complaint is similarly defective because the deficiencies alleged therein relate to activities conducted on the zoo premises and not to unsafe conditions of the premises. Therefore, the complaint is insufficient to state a claim against the county with the safe place statute. Accordingly, the trial court's order dismissing the complaint should be affirmed because injuries to a frequenter caused by unsafe conditions of an employer's premises are covered by the safe place statute, while injuries caused by negligent, inadvertent, or even intentional acts committed therein, are not.

The order is affirmed.